559 So.2d 438 (1990)
Michael THORNTON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1967.
District Court of Appeal of Florida, First District.
April 11, 1990.
*439 Kathryn L. Sands, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant appeals his conviction for possession of cocaine, contending the trial court erred in denying his motion to suppress. We affirm.
At 8:20 P.M. on May 23, 1989, Officer Brown was patrolling a known drug area in a marked police vehicle. He observed two males standing on the corner of an intersection known as a place where cocaine is sold. Officer Brown saw one male looking into appellant's hand which was "outstretched in a cupped fashion," but the officer was a short distance away and could not see anything in appellant's hand. As Officer Brown came closer and was noticed by the man, appellant looked up. Appellant then made a quick move and turned his back towards Officer Brown, moving both hands to his groin area. Officer Brown thought that a drug deal was in progress and that appellant might have been secreting a weapon. Officer Brown exited his vehicle and asked appellant to slowly remove his hands. Appellant hesitated, so Officer Brown drew his weapon and asked a second time. The appellant slowly began to remove his hands from his groin area outward while he began to turn towards Officer Brown. Officer Brown was watching appellant's hand and saw appellant drop an object to the ground. He retrieved the object, which proved to be a baggy of cocaine.
In determining whether an officer possesses a reasonable or well-founded suspicion of criminal activity sufficient to justify an investigatory stop, one must look at the totality of circumstances observed by the police officer. The time of day, the day of the week, the location, the physical appearance and behavior of the suspect, the behavior of any vehicle involved, or anything unusual in the situation as interpreted in light of the officer's knowledge may be considered in determining the possibility of criminal activity. State v. Pye, 551 So.2d 1237 (Fla. 1st DCA 1989).
The evidence that Officer Brown saw appellant showing something to another man in an outstretched, cupped hand, on a street corner known for drug trafficking, and that when Officer Brown approached, appellant quickly turned his back to Officer Brown and put his hands in his groin area, was sufficient to give Officer Brown a founded suspicion sufficient to justify an investigatory stop. This case is distinguishable from Gipson v. State, 537 So.2d 1080 (Fla. 1st DCA 1989). In that case this court ruled that officers observing, in a high crime area, the defendant huddled with two other persons behind a bar, engaging in what appeared to the officers to be a drug transaction, and the defendant's flight from the approaching officers, did not give the officers a founded suspicion of criminal activity sufficient to justify an investigatory stop. This case presents the additional fact that when Officer Brown approached, appellant turned quickly and placed his hands in his groin area, a furtive, suspicious and potentially dangerous act. Compare Peabody v. State, 556 So.2d 826 (Fla. 2d DCA 1990) (no founded suspicion where officer observed defendant approach car in high crime area and talk to occupant who extended his hand, palm up, toward defendant).
AFFIRMED.
WENTWORTH and JOANOS, JJ., concur.