579 So.2d 810 (1991)
Frank OSPINA, Appellant,
v.
STATE of Florida, Appellee.
No. 91-410.
District Court of Appeal of Florida, Fifth District.
May 9, 1991.
Rehearing Denied June 6, 1991.
*811 Frank Ospina, Starke, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Defendant appeals the summary denial of his sixth motion for post-conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure. Defendant's motion raises three grounds for relief. We conclude that the trial court's summary denial of one of the grounds was error and therefore reverse and remand for a hearing on this matter. However, we hold that the trial court properly denied the motion on the other two grounds and affirm on these issues.
Defendant was convicted of one count of capital sexual battery in violation of section 794.011(2) of the Florida Statutes (1983), and two counts of sexual battery, both in violation of section 794.011(4)(c) of the Florida Statutes (1983). The trial court sentenced defendant to life imprisonment with a mandatory twenty-five years without parole on Count I, and thirty years imprisonment on each of the remaining two counts, to run concurrently with the sentence imposed in Count I. Defendant's judgment and sentence were affirmed without opinion in Ospina v. State, 494 So.2d 495 (Fla. 5th DCA 1986).
Defendant's 3.850 motion alleges that he was illegally sentenced under the 1983/1984 sentencing guidelines as to counts two and three, the two non capital sexual batteries. Specifically, defendant contends that the sentencing guidelines had not been constitutionally created at the time of his offenses and that he was not afforded the option to elect sentencing under the guidelines.
In Smith v. State, 537 So.2d 982 (Fla. 1989), our supreme court held that the sentencing guidelines were constitutionally invalid prior to July 1, 1984. Id., at 987-988. Smith indicates that if defendant's contention is correct, he should be resentenced on counts two and three "as if the guidelines had never been enacted." Smith, 537 So.2d at 987. Accordingly, defendant is entitled to a hearing on whether he was illegally sentenced on counts two and three.
We reject the state's contention that this ground is procedurally barred under rule 3.850 because the motion was untimely and successive. A challenge to an illegal sentence may be brought at any time and a sentence that is entered pursuant to guidelines which had not been constitutionally enacted is an illegal sentence. Boland v. State, 571 So.2d 518 (Fla. 2d DCA 1990); Dewberry v. State, 570 So.2d 1079 (Fla. 1st DCA 1990); Davis v. State, 552 So.2d 338 (Fla. 4th DCA 1989).
In his 3.850 motion defendant also claims that the trial court did not afford *812 him a right to "allocution" on the capital charge because the jury did not specifically find that he was 18 years of age or older at the time of the offense which is an element of capital sexual battery under section 794.011(2) of the Florida Statutes (1983). Defendant further contends that his trial counsel was ineffective in not preserving an alleged error involving the resubmission to the jury of its verdict regarding this age issue. The trial court did not err in summarily denying defendant's motion on these two grounds because they are procedurally barred. We agree with the state's contention that these two other grounds of defendant's motion are procedurally barred under rule 3.850 because the motion was untimely and a successive sixth motion.
Accordingly, we reverse the denial of defendant's motion on the sentencing matter and remand for a hearing to determine if defendant should be resentenced on counts two and three, the non-capital sexual batteries. We affirm the denial of defendant's motion on the other two grounds.
AFFIRMED in part; REVERSED in part; and REMANDED.
COBB and GRIFFIN, JJ., concur.