592 So.2d 764 (1992)
Randall Eugene HERNANDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1130.
District Court of Appeal of Florida, First District.
January 17, 1992.
Nancy A. Daniels, Public Defender, and Steven A. Rothenburg, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant Randall Eugene Hernandez appeals his conviction for the offense of burglary of a structure, and his adjudication as an habitual felony offender. Appellant contends (1) the habitual offender statute violates constitutional guarantees of equal protection and due process, and (2) the judgment and sentence document should be corrected to reflect the convicted offense. We affirm, but remand the cause for correction of the written sentencing document.
An information charged that on November 6, 1990, appellant committed the offense of burglary of a structure, a violation of section 810.02, Florida Statutes (1989). Appellant was tried and found guilty by a jury of burglary of a structure, as charged in the information. However, the written judgment and sentence forms reflect a conviction for burglary of an occupied dwelling, a second-degree felony, rather than burglary of a structure. In a separate order, the trial court adjudicated appellant an habitual felony offender, to be sentenced pursuant to the enhanced penalties set forth in section 775.084(4)(a), Florida *765 Statutes (1989). Appellant was sentenced as an habitual offender to a 10-year period of incarceration for the 1990 burglary of a structure, the sentence to be served consecutively to the sentence imposed on a violation of probation in connection with a 1989 burglary conviction.
At the outset, appellant recognizes that the constitutionality of section 775.084, Florida Statutes, has been upheld numerous times by this court and by other district courts of appeal. See, e.g., Love v. State, 569 So.2d 807, 808 (Fla. 1st DCA 1990), and cases cited therein. Moreover, questions concerning possible violation of constitutional guarantees of due process and protection against double jeopardy have been certified to the Florida Supreme Court, as questions of great public importance, in the context of the habitual violent felony offender statute. See Tillman v. State, 586 So.2d 1269 (Fla. 1st DCA 1991).
Accordingly, the cause is remanded for correction of the sentencing document in Case No. 90-3010, showing the convicted offense to be burglary of a structure, rather than burglary of a dwelling. In all other respects, the judgments and sentences are affirmed.
WIGGINTON and BARFIELD, JJ., concur.