593 So.2d 1167 (1992)
Billy BATIE, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2910.
District Court of Appeal of Florida, First District.
February 13, 1992.
Steven L. Seliger, Quincy, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles T. Faircloth, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant seeks review of the denial of his motion to suppress evidence seized following his arrest by university police officers for possession of a suspended driver's license. The issue is whether the officers' initial stop of appellant constituted an arrest on less than probable cause that appellant was in possession of a suspended driver's license, thereby rendering the subsequent search invalid. We affirm the ruling on the motion to suppress, but remand for correction of sentence.
*1168 A three-count information charged appellant with driving while his license was suspended  Count I, possession of cocaine  Count II, and possession of paraphernalia  Count III. Appellant filed a motion to suppress all evidence obtained as a result of his detention by university police officers.
On May 28, 1989, at 2:00 a.m., a university police officer on routine patrol on the University of Florida campus, observed an automobile parked in the vicinity of the Medical Gardens. A tag check revealed that the owner's license had been suspended, and there was an outstanding warrant for his arrest on an unknown charge. After two back-up officers arrived in response to the officer's call, the three officers located appellant and his girlfriend walking in the gardens. The officers testified that since it was very dark in the gardens, they all returned to the parking area which was illuminated by street lights. There, appellant was asked for his driver's license. When he produced the license, the officers ascertained that the license had been suspended, and appellant was arrested for possession of a suspended driver's license. A subsequent search of appellant's person revealed cocaine and drug paraphernalia. Upon issuance of the trial court's order denying his motion to suppress, appellant pled nolo contendere to Count III and to a reduced charge of attempted possession of cocaine as to Count II; Count I was nolle prossed.
At sentencing, the trial court adjudicated appellant guilty of possession of drug paraphernalia and orally pronounced sentence of thirty days in the Alachua County Department of Corrections, with credit for thirty days served, and directed that the case be closed. On the Count II reduced charge of attempted possession of cocaine, the trial court adjudicated appellant guilty and placed him on probation for one year. The record contains two written sentences in connection with the charge of possession of drug paraphernalia: (1) a document dated August 21, 1990, imposed sentence of 30 days with 30 days credit for time served on Count III; (2) a document dated August 23, 1990, placed appellant on probation for one year on the Count III charge of possession of drug paraphernalia.
The statutes applicable are sections 901.151(2) and 322.32(1), Florida Statutes (1989). Section 901.151(2) provides:
Whenever any law enforcement officer of this state encounters any person under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state or the criminal ordinances of any municipality or county, he may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained and the circumstances surrounding his presence abroad which led the officer to believe that he had committed, was committing, or was about to commit a criminal offense.
Section 322.32(1), Florida Statutes (1989), provides that it is unlawful for any person "[t]o display, cause or permit to be displayed, or have in his possession any canceled, revoked, suspended, fictitious, or fraudulently altered operator's or chauffeur's license." (Emphasis supplied.)
Police officers are authorized to stop and question persons whom they reasonably believe may have committed or are about to commit a crime. Reynolds v. State, 592 So.2d 1082 (Fla. 1992); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The reasonable suspicion which will justify an investigatory stop is determined on the basis of the totality of the circumstances as viewed by an experienced police officer. Kehoe v. State, 521 So.2d 1094, 1095-96 (Fla. 1988); Thornton v. State, 559 So.2d 438, 439 (Fla. 1st DCA 1990); Freeman v. State, 559 So.2d 295, 296 (Fla. 1st DCA 1990). Even if none of the facts taken alone would give rise to a reasonable suspicion, when taken together, as viewed by an experienced police officer, such facts can provide justification for a brief detention. State v. Pye, 551 So.2d 1237, 1238 (Fla. 1st DCA 1989).
In the instant case, the facts reveal that an officer on routine patrol noticed a car parked near university gardens at 2:00 *1169 a.m. The officer conducted a tag check, and learned there was an outstanding warrant for the owner of the vehicle, and that his driver's license had been suspended. The record reflects that after back-up officers arrived, the three officers encountered appellant and his girlfriend on a wooden bridge in the garden. The officers' testimony indicates that it was too dark in the garden to check identification. They asked appellant and his companion what they were doing there, and either led or accompanied the two persons back to the parking lot, which was illuminated by street lights. At the parking lot, appellant was asked for identification. He produced a suspended driver's license, whereupon he was arrested for possession of a suspended driver's license.
Based upon the totality of the circumstances as viewed by an experienced police officer, we find no error in the denial of the motion to suppress. However, due to the conflicting written sentencing documents for the Count III charge of possession of drug paraphernalia, we remand for conformance of the written sentencing document with the trial court's oral pronouncement.
WOLF, J., concurs.
ZEHMER, J., concurs in result only.