PATTERSON, Judge.
The state appeals an order granting a motion to suppress and contends that the evidence was found pursuant to a legal stop and search incident to arrest. We agree and reverse.
The state charged the appellee with possession of stolen credit cards and the unauthorized possession of driver’s licenses. The appellee filed a motion to suppress all evidence reflecting the existence or possession of stolen credit cards or unlawfully-issued operator’s licenses on the grounds that the stop of her vehicle was pretextual and that the search of her vehicle was improper.
Sergeant Burch testified that upon stopping the appellee, he learned she did not have a driver’s license with her. Burch entered her name in the computer and discovered that her license was suspended. He arrested her for driving with a suspended license, searched the car, and found the contested evidence.
*89 A police officer who has made a lawful arrest of an occupant of an automobile may search the entire passenger compartment of the car and examine the contents of the containers therein. New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); State v. Ciucio, 548 So.2d 1184 (Fla. 2d DCA 1989). The trial court in this case found that the stop of the appellant was lawful and the stop is not contested on appeal. The appellant’s arrest was also lawful since she was driving with a suspended license. Therefore, the officer was entitled to search the inside of the car and all containers in the passenger compartment.
The central issue in this case is whether the hatchback section of the car is part of the passenger compartment. See United States v. Russell, 670 F.2d 323 (D.C.Cir.), cert. denied, 457 U.S. 1108, 102 S.Ct. 2909, 73 L.Ed.2d 1317 (1982). The record contains conflicting testimony as to whether the trunk space is accessible from the inside of the car. The officer testified that he could have looked in the back section of the car from the inside, but since he did not want to damage the upholstery, he opened the hatchback from the back of the car. The appellant, on the other hand, claims that the trunk space is not accessible from the inside because the latch which releases the seats is in the trunk space.
We favor following the holding in Russell that a hatchback which can be reached from inside the car is part of the passenger compartment and, thus, subject to search. Therefore, we reverse the trial court’s order and remand for further proceedings consistent with this opinion.
LEHAN, A.C.J., and FRANK, J., concur.