604 So.2d 8 (1992)
Clarence WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2635.
District Court of Appeal of Florida, First District.
August 3, 1992.
*9 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and James Rogers, Asst. Atty. Gen., for appellee.
JOANOS, Chief Judge.
Clarence Williams appeals his conviction and the sentence imposed after revocation of the probation he was serving in connection with convictions for burglary and robbery. Williams's counsel has filed a brief in compliance with the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he advises that he is unable to make a good faith argument that reversible error occurred in the lower tribunal. However, counsel has directed our attention to a discrepancy between the trial court's oral pronouncements at the revocation of probation hearing and the written order of revocation of probation. The state has filed a motion to dismiss. We affirm the conviction and sentence, and deny the motion to dismiss.
With regard to the state's motion to dismiss, it is well settled that "a defendant can maintain a direct appeal, even when a plea of nolo contendere or guilty is entered, if the defendant raises issues which occur at the time the plea is entered." Ford v. State, 575 So.2d 1335, 1337 (Fla. 1st DCA), review denied, 581 So.2d 1310 (Fla. 1991). See also Robinson v. State, 373 So.2d 898, 900 (Fla. 1979); Pyle v. State, 596 So.2d 744 (Fla. 1st DCA 1992). Because the alleged error in the order of revocation of probation occurred contemporaneously with entry of the plea and sentencing, the court has jurisdiction to consider the propriety of the revocation of probation order. Therefore, the motion to dismiss is not well taken, and is denied.
With regard to the alleged discrepancy between the trial court's oral and written findings, our examination of the record reveals that the written order of revocation of probation contains a finding that appellant violated three conditions of his probation. The probation hearing transcript reflects that appellant pled not guilty to Count I, and pled no contest to Count II of the affidavit of violation of probation. The trial court accepted appellant's no contest plea, adjudicated guilt, and imposed sentence. Although the court did not address the violations alleged in Counts I and III, the written order states that appellant violated all three counts alleged in the affidavit of violation of probation.
Written sentencing documents, including probation orders, must conform to the trial court's oral pronouncements. Payne v. State, 594 So.2d 870 (Fla. 1st DCA 1992); Simmons v. State, 594 So.2d 853 (Fla. 1st DCA 1992); Batie v. State, 593 So.2d 1167 (Fla. 1st DCA 1992); Hernandez v. State, 592 So.2d 764 (Fla. 1st *10 DCA 1992); Bellamy v. State, 590 So.2d 44 (Fla. 1st DCA 1991).
Accordingly, we affirm the conviction and sentence, but remand the cause to the trial court for correction of the written probation order to conform to the oral findings at the probation hearing. The motion to dismiss is denied.
SHIVERS and WIGGINTON, JJ., concur.