617 So.2d 789 (1993)
Michael A. STOCKER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03616.
District Court of Appeal of Florida, First District.
April 28, 1993.
*790 Michael A. Stocker, appellant, pro se and Stewart P. Strickland Next Friend of appellant, for appellant.
Robert A. Butterworth, Atty. Gen., and Sara D. Baggett, Michele Konig and Gypsy Bailey, Asst. Attys. Gen., Tallahassee, for Appellee.
PER CURIAM.
This cause is before us on appeal from an order denying as legally insufficient appellant's motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We found that two of appellant's myriad claims would, if true, afford appellant relief. Consequently, we entered an order requiring the State to respond to the following issues:
Whether the trial court erred in summarily rejecting appellant's claim that he did not qualify for habitual offender sentencing, in that he had not previously been convicted of any combination of two or more felonies in this state or other qualifying offenses.
Whether the trial court erred in adjudicating appellant guilty of a first-degree felony for the crime of attempted robbery with a firearm.
The State, in its answer brief, contends: (1) that appellant's failure to raise these issues on direct appeal precluded him from doing so by motion for postconviction relief; (2) that appellant's motion did not raise the habitual offender issue; and (3) that, in any event, the record on appellant's direct appeal indicates that appellant was properly sentenced as a habitual offender. The State correctly agrees as to the second issue, that attempted armed robbery with a firearm is a second-degree felony. See §§ 777.04(4)(b) and 812.13(2), Fla. Stat.
Appellant's failure to raise these claims on direct appeal did not prevent him from doing so in the instant 3.850 motion. See Debose v. State, 580 So.2d 638, 640 (Fla. 5th DCA 1991) (although contention that defendant did not qualify as a habitual offender could have been raised on direct appeal, defendant could raise this claim in a subsequent 3.850 proceeding, because the rule expressly provides that a motion to vacate a sentence which exceeds the limits provided by law may be filed at any time). See also Ospina v. State, 579 So.2d 810, 811 (Fla. 5th DCA 1991) (a challenge to an illegal sentence may be brought at any time). We reject the State's contention that appellant's motion did not raise the first issue.
We must, therefore, remand this case to the trial court to attach portions of the record indicating that appellant's predicate convictions qualified him for habitual offender sentencing and to amend the judgment to reflect that appellant's conviction for attempted armed robbery with a firearm is a second-degree felony. If appellant qualifies for habitual offender sentencing, the trial court need not resentence appellant. Hernandez v. State, 592 So.2d 764, 765 (Fla. 1st DCA 1992).
JOANOS, C.J., and BOOTH and WEBSTER, JJ., concur.