635 So.2d 999 (1994)
STATE of Florida, Appellant,
v.
Johnny PUGH, Appellee.
No. 93-02463.
District Court of Appeal of Florida, Second District.
April 20, 1994.
*1000 Robert A. Butterworth, Atty. Gen., Tallahassee, and Donna Provonsha-Lentz, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Asst. Public Defender, Bartow, for appellee.
ALTENBERND, Judge.
The state appeals an order granting Mr. Pugh's motion to suppress evidence obtained pursuant to an inventory search of an automobile. Because the officers had probable cause to arrest Mr. Pugh while he was operating the car, we reverse.
On September 25, 1992, the Lee County Sheriff's Office received a tip that Mr. Pugh would be transporting illegal drugs in a specific neighborhood while driving a red Nissan Pulsar. For purposes of this opinion, we assume the tip came from an unreliable source.
Based on that tip, two deputies were assigned to conduct surveillance in the neighborhood. One of the deputies had seen Mr. Pugh several times in the past and could identify him. The deputies saw Mr. Pugh driving the red Nissan. Before they stopped him, they determined from police records that his driver's license was suspended.
When the deputies stopped the red Nissan, one of them approached the driver's side of the car. Mr. Pugh looked at the deputy and drove away. The deputies stopped Mr. Pugh a second time and arrested him for driving with a suspended license. When the car was searched, the deputies found a single piece of crack cocaine.
The trial court suppressed the cocaine because the initial information came from an unreliable source. See Cunningham v. State, 591 So.2d 1058 (Fla. 2d DCA 1991). This case is distinguishable from Cunningham because the arresting officer knew Mr. Pugh and knew that he was driving with a suspended license. Driving with a suspended license is a misdemeanor. § 322.34, Fla. Stat. (1991). It is not a minor or technical traffic infraction. Clearly, under the analysis in Kehoe v. State, 521 So.2d 1094 (Fla. 1988), this arrest for a misdemeanor occurring in the presence of the officer is not a pretextual stop. See, e.g., Charlton v. State, 550 So.2d 150 (Fla. 3d DCA 1989) (stop for driving with suspended license is not pretextual); State v. Leyva, 599 So.2d 691 (Fla. 3d DCA 1992) (officer's knowledge that defendant's license had been suspended at least four or five weeks prior to stop was not stale and gave rise to reasonable suspicion, if not probable cause, to arrest for driving with a suspended license). See also Batie v. State, 593 So.2d 1167 (Fla. 1st DCA 1992) (denial of motion to suppress evidence proper where search conducted as incident to defendant's arrest for possession of suspended driver's license); State v. Miller, 565 So.2d 886 (Fla. 2d DCA 1990) (deputy had probable cause to arrest defendant and to search incident to that arrest where deputy discovered that defendant's license had been suspended after proper stop for traffic infraction). The fact that Mr. Pugh drove away from the scene of the initial stop further supports the decision to arrest him. Once Mr. Pugh was lawfully arrested, the officers had authority to search the car. New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). See also State v. Dexter, 596 So.2d 88 (Fla. 2d DCA 1992) (arrest for suspended driver's license permits search of vehicle).
Reversed and remanded.
SCHOONOVER, A.C.J., and FULMER, J., concur.