GERSTEN, Judge.
Appellant, the State of Florida, appeals the granting of a motion to suppress evidence in favor of appellee, Rodney Lakee Russell (Russell). We reverse.
The salient facts, as determined by the trial court in its written order, are as follows: The police received an anonymous tip regarding the location of a drug transaction involving armed men. This tip was not corroborated and did not have the requisite indicia of reliability. Nonetheless the police arrived at the location of the purported drug transaction with high beams shining on various individuals and with guns drawn.
One of the individuals produced two weapons and dropped them to the ground. The police then searched the individuals and found a gun on Russell. Following that, the police shined a flashlight in Russell’s van, finding 500 grams of cocaine “in plain view.”
The trial court’s order stated, “The court finds that the subsequent search in the case at bar was based on the production of weapons and could have been valid, had the initial stop not been illegal.” We disagree with the trial court’s determination that the initial stop was not valid.
A valid detention may be based upon information obtained from an anonymous tip bearing sufficient indicia of reliability. State v. Webb, 398 So.2d 820 (Fla.1981). However, regardless of the validity of an anonymous tip, the law is clear that an officer may temporarily detain an individual where the officer has a founded suspicion that the individual has committed, is committing, or is about to commit, a criminal offense. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Popple v. State, 626 So.2d 185 (Fla.1993); Tamer v. State, 484 So.2d 583 (Fla.1986). Moreover, the totality of the circumstances must be examined in determining whether the requisite founded suspicion of criminal activity is present. United States v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); Thornton v. State, 559 So.2d 438 (Fla. 1st DCA 1990); State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978).
Here, when the police arrived at the scene, they observed one individual in a group of men produce two semiautomatic weapons from his waistband and drop them *290 to the ground. At this point, in consideration of the totality of the circumstances which included the information from the anonymous tip, it was both reasonable and justified for the police to protect their own safety by detaining Russell and the other individuals. See Tamer v. State, 484 So.2d at 588; Curry v. State, 532 So.2d 1316 (Fla. 1st DCA 1988); State v. Ruiz, 526 So.2d 170 (Fla. 3d DCA), review denied, 534 So.2d 401 (Fla.1988), and review denied, 488 U.S. 1044, 109 S.Ct. 872, 102 L.Ed.2d 995 (1989); State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978). Thus, regardless of the reliability of the anonymous tip, we find that the police had a founded suspicion of criminal activity sufficient to justify the temporary detention and pat down of the individuals, including Russell.
Based upon our conclusion that the initial stop was valid, we therefore determine that Russell’s resulting search and seizure was permissible under both federal and state law.
Reversed and remanded.