856 So.2d 1109 (2003)
Michael STONE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3511.
District Court of Appeal of Florida, Fourth District.
October 22, 2003.
*1110 Carey Haughwout, Public Defender, and Michael Antinori, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Michael Stone pled not guilty to DUI and was sentenced to thirty days in the Broward County Jail and two years of probation. When entering this plea, Stone properly reserved the right to appeal the trial court's denial of his motion to suppress sobriety test results. We consider this issue on appeal and affirm.
Early on the morning of August 20, 2001, Broward County Sheriff's Deputy Jeffrey Bell was on road patrol. At the time of the incident giving rise to this case, Bell's patrol car was parked in the lot of a Mobil station in unincorporated Pompano Beach and he had three prisoners from an unrelated incident in his backseat. Bell observed Stone drive his 49cc Yamaha scooter into the adjacent 7-Eleven parking lot. Bell knew Stone from prior encounters regarding the scooter, and knew that Stone's driver's license had been suspended as recently as July 2001. Stone was not wearing a helmet or eye protection, nor did Bell know whether Stone was insured.
*1111 As a result of these observations, Bell called to Stone by name over the microphone in his patrol car after Stone exited the 7-Eleven and mounted his scooter. Bell called to Stone a second time before Stone walked in Bell's direction to speak to him outside the patrol car. Bell asked Stone for his driver's license, which Stone showed him as it had been reinstated the previous day. However, during this process, Bell detected the odor of alcohol on Stone's breath and administered the requisite field sobriety tests, which Stone failed. Bell arrested Stone for DUI, and took him to the station for further sobriety testing. Stone moved to suppress the results of these tests on the ground that Bell did not have probable cause to stop Stone. The motion was denied following an evidentiary hearing.
A trial court's ruling on a motion to suppress comes to this Court clothed with a presumption of correctness, so that trial court resolution of factual and evidentiary conflicts should not be disturbed on appeal. Glover v. State, 677 So.2d 374, 376 (Fla. 4th DCA 1996) (citing McNamara v. State, 357 So.2d 410 (Fla.1978)). However, this Court reviews de novo the application of the law to such facts to determine the existence of the probable cause necessary to satisfy a Fourth Amendment inquiry. Porter v. State, 765 So.2d 76, 77 (Fla. 4th DCA 2000) (en banc) (citing Ornelas v. United States, 517 U.S. 690, 691, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)).
When a law enforcement officer stops a motor vehicle, the action amounts to a detention of the driver implicating the Fourth Amendment restriction against unreasonable searches and seizures. See Whren v. United States, 517 U.S. 806, 809-810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (citations omitted). As a result, the officer must have probable cause to believe that a traffic violation has been committed. Id. at 810 (citations omitted). Probable cause has been defined as "where the facts and circumstances within an officer's knowledge and of which he had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been committed." State v. Byham, 394 So.2d 1142, 1143 (Fla. 4th DCA 1981) (citing Benefield v. State, 160 So.2d 706, 708 (Fla.1964)). Therefore, the issue on appeal requires a two-pronged analysis under Whren: (1) whether Bell's calling to Stone was a traffic stop and (2) whether Bell had probable cause to effect such a traffic stop.
The first prong of this analysis raises the question of whether Bell's calling to Stone was something less than a traffic stop, specifically a consensual encounter, as asserted by the State below and on appeal. A consensual encounter exists where an individual may choose to comply with or disregard a law enforcement officer's requests, and is free to leave the situation without repercussion. See O.A. v. State, 754 So.2d 717, 720 (Fla. 4th DCA 1998) (quoting Popple v. State, 626 So.2d 185, 186 (Fla.1993)). Reasonable suspicion or probable cause is not required for such an encounter, and Fourth Amendment protections are not invoked. Id.
In the case at bar, the trial court's oral finding that Bell acted in good faith indicates the trial court engaged in a probable cause analysis thereby implicitly rejecting the State's contention that a consensual encounter rather than a stop occurred. If this were not the case, the trial court would have denied the motion to suppress on the consensual encounter ground rather than analyzing whether Bell had probable cause for the stop and if not, whether the good faith exception would support the denial of the motion to suppress.
*1112 Considering the second prong, we conclude that Bell had probable cause to stop Stone for driving with a suspended license but did not have probable cause to stop him for safety violations. Even though the trial court focused on the safety violation basis for probable cause (discussed below), where the trial court determines that a stop does not offend the Fourth Amendment for incorrect reasons, that finding should be upheld where it is supported by an alternative, even if unarticulated, theory. Covington v. State, 728 So.2d 1195, 1196 (Fla. 4th DCA 1999) (citing Caso v. State, 524 So.2d 422, 424 (Fla. 1988)).
To support its argument that Bell had probable cause to stop Stone for a license violation, the state justifiably focuses on the fact that Bell was aware that as recently as July 2001, Stone was driving his scooter with a suspended license. A law enforcement officer's knowledge that an individual's driver's license was suspended as recently as four or five weeks prior to a traffic stop is sufficient for the officer to form "a reasonable suspicion, if not probable cause, to believe that [the] defendant's license was still suspended." State v. Leyva, 599 So.2d 691, 693 (Fla. 3d DCA 1992) (citations omitted).
Under the facts of the case at bar, Bell had similarly fresh knowledge of Stone's driver's license suspension, and therefore, had probable cause to reasonably believe that Stone was committing a traffic violation, the misdemeanor of driving with a suspended license. See State v. Pugh, 635 So.2d 999, 1000 (Fla. 2d DCA 1994) (citations omitted). Thus, the checks against unreasonable government seizure prescribed in Whren are satisfied, and Bell's calling Stone did not offend the Fourth Amendment, despite the fact Stone carried a valid driver's license at the time of the stop.
However, the State's argument that the trial court did not err in denying Stone's motion to suppress because Bell had probable cause to stop Stone for safety violations is without merit. Bell articulated that he stopped Stone because he believed Stone to be violating Florida traffic law by not wearing a helmet or eye protection or carrying the required insurance while riding his scooter. Florida Statutes section 316.211 does provide that an individual may not ride a motorcycle without an approved helmet and eye protection, but also provides an exception to this general rule in subsection (3)(a):
This section does not apply to persons riding within an enclosed cab or to any person 16 years of age or older who is operating or riding upon a motorcycle powered by a motor with a displacement of 50 cubic centimeters or less or is rated not in excess of 2 brake horsepower and which is not capable of propelling such motorcycle at a speed greater than 30 miles per hour on level ground.
From his prior encounters with Stone, Bell knew that he was sixteen or older at the time of the incident and knew or should have known that his scooter had a displacement of only 49 cubic centimeters, squarely fitting him into the exception from the helmet and eye protection requirements. Furthermore, the insurance requirement does not apply to Stone, because it applies only in cases of riders of 51cc or greater vehicles, over the age of 21, who elect to purchase insurance rather than wear a helmet. See § Fla. Stat., 316.211(3)(b). Thus, we conclude Bell did not have probable cause to stop Stone for perceived safety violations.
We also reject the State's contention that even if Bell lacked probable cause, he had a good faith belief that Stone was violating the statute when he called to *1113 him. The good faith exception to the exclusionary rule of evidence, which would cure any failure of probable cause and resulting inadmissibility of evidence, is based on an objective standard and expects officers to know the law. See Doctor v. State, 596 So.2d 442, 447 (Fla.1992) (citations omitted); see generally Allstate Ins. Co. v. Bowne, 817 So.2d 994, 997 (Fla. 4th DCA 2002) (citing United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)) (describing good faith exception). It is not unreasonable to expect that a road patrol officer, especially one who had stopped Stone twice in the past based on similar circumstances, should know the law applicable to scooters that travel on the road. Therefore, we conclude that the good faith exception does not apply to Bell's stop of Stone for perceived safety violations. Consequently, because Bell lacked probable cause to stop Stone for alleged safety violations and the good faith exception does not apply, the trial court's denial of the motion to suppress the sobriety test results cannot be supported on the basis of these safety violations.
In sum, we conclude that Bell's hailing Stone was a permissible traffic stop because Bell had probable cause to suspect Stone was committing a traffic violation by driving his scooter with a suspended license. As a result, the trial court did not err by denying Stone's motion to suppress the sobriety test evidence and we affirm.
AFFIRMED.
FARMER, C.J., GUNTHER and TAYLOR, JJ., concur.