THOMAS, J.
 

 Appellant appeals the trial court’s order revoking his probation and sentencing him to three years’ imprisonment with credit for time served. For the reasons explained below, we reverse and remand for further findings.
 

 After pleading guilty to lewd or lascivious battery, Appellant was sentenced to 13 months in prison, followed by three years of sexual offender probation. Shortly after being released from prison, the State charged Appellant with violations of Conditions 7, 9, 10 and 20 of his probation requirements.
 

 Although the trial court’s written order includes a finding that Appellant violated Condition 7, which required Appellant to remain gainfully employed, the court did not orally pronounce such a finding. A written order must conform to the trial court’s oral pronouncements, and the oral pronouncements control.
 
 Williams v. State,
 
 604 So.2d 8, 9 (Fla. 1st DCA 1992). Here, because the court did not orally pronounce a violation of Condition 7, it cannot be used as a basis for revoking probation; consequently, we remand for correction of the written order to conform to the oral findings at the probation hearing.
 

 Condition 10 required Appellant to pay the costs of supervision, court costs, and fees. Appellant argues that the trial court did not make a determination that Appellant had the ability yet refused to pay the money he owed, and the State concedes. This court has held that “ability to pay is an essential element for a finding that a probationer willfully violated probation for failure to pay supervisory costs,” and that revoking probation for a failure to pay such costs without the requisite findings as to ability to pay is fundamental error.
 
 Odom v. State,
 
 15 So.3d 672, 678-79 (Fla. 1st DCA 2009). Consequently, because the trial court did not make the required findings, it could not base its decision to revoke probation on Appellant’s failure to pay the costs of supervision and fees; therefore, this violation must be “stricken from the probation revocation order.”
 
 Id.
 
 at 679.
 

 Condition 20 prohibited Appellant from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material relevant to deviant behavior patterns. Appellant’s probation officer testified to finding pornographic material on Appellant’s cell phone. The State agrees with Appellant’s argument that, pursuant to
 
 Kasischke v. State,
 
 991 So.2d 803, 815 (Fla.2008), the pornographic material must be relevant to Appellant’s deviant behavior pattern. Although the trial court did find the pornography relevant to Appellant’s deviant behavior pattern, pursuant to
 
 Sellers v. State,
 
 16 So.3d 225, 227 (Fla. 5th DCA 2009), the trial court was required to make findings describing the nature of the material, its content, and how it was related or relevant to Appellant’s deviant behavior pattern. Because the trial court did not make those findings, we remand to allow the trial court to specify how the evidence related to Appellant’s deviant behavior pattern.
 

 Finally, Condition 9 required Appellant to perform no less than ten hours of community service per month. Testimony from Appellant’s current probation officer indicated he worked three hours the first month and seventeen hours over the next two months, leaving him ten hours short of
 
 *835
 
 his required hours for that three-month period.
 

 Although it appears Appellant did technically violate Condition 9 of his probation, Appellant argues that because the trial court failed to make clear whether any particular violation, standing alone, would support the revocation of his probation, the record is unclear as to whether the trial court would have revoked Appellant’s probation and imposed the same sentence based on Condition 9 alone, assuming the court is unable to make the requisite findings as to the alleged violation of Condition 20.
 
 See Marzendorfer v. State,
 
 16 So.3d 957, 958 (Fla. 1st DCA 2009) (stating the general rule requires remand when it is unclear from the record whether the trial court would have revoked the appellant’s probation and imposed the same sentence based solely on the condition the appellate court found appellant in violation of);
 
 see also Stevens v. State,
 
 823 So.2d 319, 322 (Fla. 2d DCA 2002) (although there was sufficient evidence defendant did not complete the required monthly hours of community service, case remanded to determine whether the court would have revoked probation solely on this violation).
 

 Because the evidence in the record supports the finding that Appellant did technically violate Condition 9, we remand for a determination by the trial court as to whether it would revoke Appellants probation based on that violation alone if the court is unable to make the requisite factual findings as to the alleged violation of Condition 20.
 

 REVERSED and REMANDED for proceedings consistent with this opinion.
 

 DAVIS and HAWKES, JJ., concur.