577 So.2d 996 (1991)
Rosanna Murray GEORGE, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1424.
District Court of Appeal of Florida, First District.
April 9, 1991.
Nancy A. Wilkov, of Silverman, Wilkov, Dethomasis & Buchanan, Gainesville, for appellant.
Robert A. Butterworth, Atty. Gen., and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Chief Judge.
An affidavit was filed alleging George violated the conditions of her probation by (1) failing to file a written report in September 1989, (2) failing to pay costs of supervision, (3) leaving her employment without the permission of her probation officer, (4) moving from her residence without the permission of her probation officer, and (5) committing petit theft. After a hearing the trial court found George violated all these conditions, revoked George's *997 probation and sentenced her to eighteen months incarceration. We reverse and remand.
Allegations (1) and (4) were adequately proven; but allegations (2), (3) and (5) were not. Absent finding that defendant has ability to pay, probation cannot be revoked based on failure to pay court costs. McPherson v. State, 530 So.2d 1095 (Fla. 1st DCA 1988). The trial court made no such finding and George's testimony that she lacked the ability to pay was unrefuted. Further, informing the probation officer of a job change was not a condition of George's probation; and the allegation that George committed petit theft was supported only by a hearsay statement from the probation officer.
Without alleged violations (2), (3) and (5), the trial court may not have revoked George's probation or imposed the same sentence for not filing a monthly report and not getting the probation officer's permission to change residences. We reverse the order of revocation and remand for redetermination. Blake v. State, 433 So.2d 611 (Fla. 1st DCA 1983); Neves v. State, 502 So.2d 1343 (Fla. 2d DCA 1987); Hoshaw v. State, 533 So.2d 886 (Fla. 3d DCA 1988).
Because there is no written order in the record specifying which conditions were violated, we remand with instructions to enter such an order should the trial court on remand conclude to revoke George's probation. West v. State, 553 So.2d 254 (Fla. 4th DCA 1989).
ALLEN and WOLF, JJ., concur.