622 So.2d 590 (1993)
James E. McQuitter, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3384.
District Court of Appeal of Florida, First District.
August 10, 1993.
*591 Nancy A. Daniels, Public Defender, and Chris W. Hoeg, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
This appeal is taken from a revocation of probation. Appellant contends the trial court erred in revoking his probation based, in part, on appellant's failure to pay court costs, without first making a finding that appellant had the ability to pay. We remand for entry of a written order of revocation of probation.
On July 26, 1991, appellant pled nolo contendere to the crime of arson, in circuit court case 91-1148. In the same proceeding, he pled nolo contendere to violation of probation in circuit court cases 90-2312, 90-2313, 90-2315, and 90-2398. Pursuant to the plea agreement, the trial court imposed a 27-year sentence, with the sentence suspended on condition of successful completion of ten years of probation.
In 1992, affidavits and amended affidavits of violation of probation were filed, alleging that appellant violated his probation on numerous technical and substantive grounds. At the revocation hearing, appellant pled not guilty. The state presented the testimony of the two persons who were victims of the aggravated assault, battery, theft, and damage to personal property offenses appellant allegedly committed. Other witnesses for the state were a police officer, the supervisor of appellant's community service, and appellant's probation officer. Appellant's mother testified with regard to appellant's income and living expenses. At the conclusion of the evidence, the trial court found appellant guilty of two of the eight violations of probation alleged in the affidavit filed in case 91-1148; and guilty of four of the ten violations of probation alleged in the affidavit filed in cases 90-2312, 90-2315, and 90-2398, including violations of the conditions of probation requiring appellant to pay court costs in the amount of $225.00, and court costs in the amount of $100.00.[1]
*592 It is well settled that once the state makes an initial showing of a probationer's failure to pay court-ordered costs, the burden shifts to the probationer to demonstrate by clear and convincing evidence that he or she lacked the ability to pay. § 948.06(4), Fla. Stat.(1989); Morgan v. State, 491 So.2d 326 (Fla. 1st DCA 1986); Bass v. State, 473 So.2d 1367, 1370 (Fla. 1st DCA 1985); Word v. State, 533 So.2d 893 (Fla. 3d DCA 1988). Since inability to pay is a defense which the probationer must prove, if the probationer offers no evidence on the issue, the court's failure to make a specific finding can be considered harmless. Guardado v. State, 562 So.2d 696 (Fla. 3d DCA), review denied, 576 So.2d 287 (Fla. 1990). However, in those cases where the record would support a finding of ability to pay, it is appropriate to remand for the purpose of permitting the trial court to make the required finding. Brown v. State, 537 So.2d 180, 181 (Fla. 3d DCA 1989). In a similar vein, where the record does not contain a written order of revocation of probation, remand is proper to permit the trial court to enter a written order setting forth the grounds for the revocation. George v. State, 577 So.2d 996, 997 (Fla. 1st DCA 1991).
The record in this case supports the trial court's finding that appellant committed multiple violations of conditions of his probation by being in possession of a weapon, committing an aggravated assault, and failing to pay costs. Indeed, we conclude the absence of any assertion to the contrary constitutes an implicit recognition that the trial court properly revoked appellant's probation on these grounds. Appellant argues only that, to the extent the revocation of probation was due to appellant's failure to pay court costs, the trial court erred in failing to make a concomitant finding that he had the ability to pay.
At the revocation hearing, appellant presented evidence concerning his income and his expenses. However, he did not argue expressly that his failure to pay court costs was due to an inability to pay. In view of the trial court's specific findings with respect to each count charged in the affidavits of violation of probation, we are confident that if the defense had been raised, the trial court would have made a finding as to appellant's ability to pay. In the circumstances of this case, we conclude the trial court's failure to make a finding as to appellant's ability to pay court costs was harmless.
Accordingly, the revocation of probation is affirmed, and the cause is remanded to the trial court for entry of a written order of revocation of probation, specifying the conditions violated.
ZEHMER, C.J., and ERVIN, J., concur.
NOTES
[1] In addition to the determination that appellant was guilty of the counts alleging failure to pay court costs, the trial court found appellant guilty of count 1, which charged that appellant violated the condition of his probation prohibiting him from owning, possessing, or carrying a weapon; and guilty of count 5, by committing an aggravated assault of Brenda Wells while armed with a knife.