624 So.2d 338 (1993)
John CAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3624.
District Court of Appeal of Florida, First District.
September 10, 1993.
*339 Nancy A. Daniels, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and James W. Rogers, Sr. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), representing that counsel can make no good faith argument that reversible error occurred, but identifying two technical errors for correction upon review of this cause. The state has filed a motion to dismiss, characterizing the appeal as an unnecessary and frivolous example of legal churning, and appropriate for sanctions pursuant to Walker v. State, 579 So.2d 348, 350 (Fla. 1st DCA 1991). We remand with instructions.
Our examination of the record, in accordance with State v. Causey, 503 So.2d 321 (Fla. 1987), has revealed no discernible error with regard to the sentencing disposition in this case. Initially, appellant scored sixty-five points on a Category 8 scoresheet, for a recommended sentencing range of community control or twelve to thirty months of incarceration. In June 1990, November 1990, and November 1991, appellant committed violations of community control and probation. Where there are multiple violations of probation, the sentence may be increased one cell or guidelines range for each violation. State v. Maxwell, 594 So.2d 287, 288 (Fla. 1992); Williams v. State, 594 So.2d 273, 275 (Fla. 1992). A three-cell increase placed appellant in the permitted sentencing range of three and one-half to seven years. Therefore, the imposition of a seven-year sentence for the second-degree felony of possession of a firearm in commission of a felony, and the five-year concurrent sentences for the third-degree felony convictions were within the statutory maximum for the respective offenses, and within the guidelines sentencing range.
However, the record also reveals two matters that should be addressed on remand. As noted by appellant's counsel, in circuit court case 90-145, the written judgment incorrectly designates the offense of possession with intent to sell or deliver as Count V, rather than Count IV. This scrivener's error should be corrected on remand. In addition, although the trial court orally found appellant violated his probation, there is no record of the conditions upon which revocation was based. Therefore, upon remand, the trial court should enter a written revocation order setting forth the conditions of probation which appellant was found to have violated. George v. State, 577 So.2d 996, 997 (Fla. 1st DCA 1991).
Regarding the state's motion to dismiss, appellant's counsel properly notes that in Ford v. State, 575 So.2d 1335, 1337 (Fla. 1st DCA), review denied, 581 So.2d 1310 (Fla. 1991), this court ruled that a direct appeal can be maintained even from a guilty or nolo contendere plea, if the defendant raises issues which occur at the time sentence is entered. See also Williams v. State, 604 So.2d 8, 9 (Fla. 1st DCA 1992). In this case, *340 the failure to enter a written order of revocation of probation, and the scrivener's error on the written judgment, occurred contemporaneously with the plea and sentencing. Thus, contrary to the state's assertions, this court has jurisdiction to consider the appeal.
Accordingly, this cause is remanded for correction of the scrivener's error on the written judgment, and for entry of a written order specifying the probation conditions violated. In all other respects, the judgment of conviction and sentence are affirmed. The state's motion to dismiss is denied.
ERVIN, JOANOS and ALLEN, JJ., concur.