624 So.2d 373 (1993)
Albert McKINNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3315.
District Court of Appeal of Florida, First District.
September 22, 1993.
*374 Nancy A. Daniels, Public Defender, and Nada M. Carey, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Joseph S. Garwood, Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR REHEARING
JOANOS, Judge.
Appellant seeks rehearing of the opinion issued June 28, 1993, in which we remanded this cause to the trial court for entry of an order specifying the conditions of community control the court deemed appellant violated. We grant the motion for rehearing in part, withdraw the prior opinion issued in this cause, and substitute the following therefor.
This appeal is from the revocation of appellant's community control and the resulting sentence. Appellant contends the trial court erred in failing to articulate the specific grounds for the revocation. We affirm the revocation, but remand for entry of a written order specifying the conditions of community control which the trial court found appellant violated.
The affidavit of violation of community control filed in this cause alleged that appellant violated his community control by leaving his residence without approval of his community control officer on eight separate occasions, by leaving the county of his residence without consent of his community control officer on four separate occasions, and by changing his residence without consent of his community control officer. At the hearing on the alleged violations, appellant's community control officer testified regarding each of the violations charged in the affidavit. Appellant testified on his own behalf, contesting most of the violations alleged by his community control officer, and offering explanations for violation of those conditions which he admitted. The trial court found that by appellant's own testimony, he violated the conditions of his community control. However, the court made no oral pronouncement, and entered no order specifying the conditions of community control relied upon for the revocation.
It was the trial court's prerogative to accept the community control officer's testimony over that of appellant. Moreover, appellant does not challenge the sufficiency of the evidence to support the revocation. In view of appellant's admissions that he violated some of the conditions of his community control, revocation of community control was warranted, and we decline to disturb the trial court's determination in this regard. However, remand is required for entry of an order specifying the community control conditions which appellant was determined to have violated. See Hogwood v. State, 615 So.2d 780 (Fla. 1st DCA 1993); Boggs v. State, 557 So.2d 203 (Fla. 5th DCA 1990).
Accordingly, this cause is remanded for entry of an order specifying the conditions of community control violated. The trial court's disposition is affirmed in all other respects.
SMITH and KAHN, JJ., concur.