SHIVERS, Senior Judge.
Aushua Rogers has appealed from an order revoking his probation. We reverse, and remand for entry of an order specifying the conditions found violated by the trial court.
In March 1992, Rogers (then 16) was charged as an adult with two counts of dealing in stolen property (Case Nos. 92-2681 and 92-2683). In May 1992, he pled guilty in exchange for two years probation. In Case No. 92-2681, probation was conditioned in part on: 1) payment of $40.00 monthly supervision costs unless waived, 2) performance of 50 hours of community service within 90 days as directed by the probation officer, 3) payment of $280 restitution as directed by the probation officer, and 4) performance of 44 additional hours of community service in lieu of $220.00 in felony court costs. In Case No. 92-2683, probation was conditioned in part on: 1) payment of $40.00 monthly supervision costs unless waived, and 2) payment of $505 restitution as directed by the probation officer.
Affidavits of violation of probation were filed in November 1992 alleging violation of the foregoing conditions. At the subsequent hearing, Probation Officer Gibbs testified that she had met with Rogers shortly after sentencing, and thoroughly explained the probation conditions. At that interview, Rogers signed agreements to pay $45.00 monthly toward his restitution obligations ($20.00 in Case No. 92-2681 and $25.00 in Case No. 92-2683). Gibbs further testified that only one payment had been made toward restitution.
As for the supervision costs, Gibbs stated that, although payment was waived for May and June 1992, Rogers did not provide the household income information necessary for further waivers; no supervision payments were ever made. Finally, Gibbs testified that Rogers never contacted her for a community service job assignment and that, when she finally sought him out in October 1992 with an assignment, he failed to keep the appointment (Rogers was arrested on unrelated charges shortly after receiving his community service assignment).
Rogers testified at the hearing that his mother had agreed to make all of his payments until high school graduation, but had not done so. He further stated that Officer Gibbs did not tell him where to perform his community service until October 1992, when he was unable to reach his assigned supervisor; Rogers conceded that he did not seek an assignment prior to that time. The trial court orally found that Rogers “violated the conditions of [his] probation,” and imposed a *1027 guidelines sentence of 12 months in county jail. The subsequent written revocation order did not specify the conditions found violated by the court.
Rogers alleges numerous errors on appeal, including the trial court’s failure to consider his ability to pay; the failure of the trial court, rather than the probation officer, to specify a timetable for restitution; and the failure of the probation officer to advise Rogers about his community service in a timely fashion. However, we are unable to address these issues based on the trial court’s failure to state the specific terms and conditions of which Rogers was found in violation.
It is well-settled that, as a prerequisite to revocation of probation, the trial court must state the specific terms and conditions of which the probationer has been found in violation. Brundage v. State, 593 So.2d 1227 (Fla. 1st DCA 1992). When the trial court orally pronounces those violations, but fails to place them in written form, this court has remanded for entry of an order conforming to the oral pronouncement. See McQuitter v. State, 622 So.2d 590 (Fla. 1st DCA 1993). However, in this ease, the trial court stated at the hearing only that, “I just find that you have violated the terms and conditions of your probation.” It did not state the specific terms and conditions of which Rogers had been found in violation, nor set forth such conditions in the written probation order.
Based on the foregoing, we reverse the revocation of probation herein, and remand for entry of a written order specifying the terms and conditions relied upon by the trial court for revocation. Brundage; Caylor v. State, 624 So.2d 338 (Fla. 1st DCA 1993).
ERVIN and WEBSTER, JJ., concur.