MICKLE, Judge.
We affirm the revocation of appellant’s probation and community control and the sentences imposed thereon, but remand to the trial court for entry of a written revocation order and for correction of several clerical errors contained in the written judgment and sentencing guidelines scoresheet.
Appellant was charged in Count II with attempted tampering with evidence, a third-degree felony under section 918.13, Florida Statutes (1993). Pursuant to section 777.04(4)(f), Fla.Stat., an attempt of a third-degree felony is considered a first-degree misdemeanor. This count is correctly classified as a first-degree misdemeanor on the written judgment, but is incorrectly labeled “tampering with evidence” and should be corrected to read “attempted tampering with evidence.” The sentencing guidelines score-sheet contains the following three errors with regard to Count II: (1) inaccurate description of offense as “tampering”; (2) incorrect designation of offense as a felony; and (3) incorrect assignment of offense level 3 and point score assessment of 2.4. Although, as appellant concedes, these errors do not affect the guidelines sentencing range herein, for purposes of the record we believe the score-sheet should be corrected as follows: (1) label Count II as “attempted tampering with evidence”; (2) designate Count II as a first-degree misdemeanor; and (3) assign Count II the correct offense level of 1 with the corresponding point score of 0.2.
Last, although the trial court orally found that appellant violated his probation and community control, there is no written record of the conditions upon which the revocation was based. Therefore, upon remand, the trial court should enter a written revocation order setting forth the conditions of probation and community control which appellant was found to have violated. See Rogers v. State, 635 So.2d 1026 (Fla. 1st DCA 1994) (when trial court orally pronounces conditions of which probationer has been found in violation, but fails to place them in written form, remand is necessary for entry of order conforming to oral pronouncement); Caylor v. State, 624 So.2d 338 (Fla. 1st DCA 1993); McQuitter v. State, 622 So.2d 590 (Fla. 1st DCA 1993).
ERVIN and LAWRENCE, JJ., concur.