MICKLE, Judge.
In this direct appeal, Tyrone E. Williams challenges two concurrent 22-month guidelines sentences imposed in Circuit Court Case No. 95-145 upon violation of his community control. The pertinent underlying substantive offenses are felony petit theft and resisting arrest with violence, both of which are third-degree felonies pursuant to sections 812.014(2)(d) and 843.01, Florida Statutes (1995), respectively. We vacate the *732 sentences imposed in Circuit Court Case No. 95-145 and remand for the preparation of a correct sentencing guidelines scoresheet and for resentencing, see Smith v. State, 661 So.2d 912 (Fla. 1st DCA 1995) (remanding for correction of sentencing guidelines score-sheet), and we direct the trial court to enter a proper written revocation order.
The state argues that we should affirm the sentences because, upon correction of the scoresheet, they would be neither illegal sentences nor improper guidelines departure sentences. See § 775.082(3)(d), Fla.Stat. (1995) (third-degree felonies may be punished “by a term of imprisonment not exceeding 5 years”); Davis v. State, 661 So.2d 1193, 1196 (Fla.1995) (defining “illegal” sentence as “one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines”). Specifically, the state seeks the inclusion of 12 additional points on the scoresheet pursuant to Florida Rule of Criminal Procedure 3.702(d)(10) (six points each for the appellant’s two acknowledged “release program violations” that were erroneously excluded from the scoresheet). The state contends that affirmance is proper and a remand is unnecessary because, if the 12 points are added, the 22-month sentences will he within the allowable guidelines sentencing range. Cf. Stepps v. State, 675 So.2d 1008 (Fla. 1st DCA 1996) (vacating sentence and remanding for resentencing where use of improper scoresheet altered the applicable guidelines range).
We decline to follow the procedure recommended by the state. The trial court should have an accurate scoresheet before making a sentencing decision. See Smith, 661 So.2d at 912. Where the record is silent, it is inappropriate for us to second-guess whether the lower court would have imposed the same sentences if it had had a proper scoresheet. Accordingly, because the scoresheet on which the trial court relied is not complete and accurate, we vacate the sentences in Circuit Court Case No. 95-145, and remand for preparation of a correct scoresheet prior to resentencing. The trial court is directed also to enter a written community control revocation order reciting the findings and specific violations orally pronounced. Southwell v. State, 646 So.2d 847 (Fla. 1st DCA 1994) (despite acceptable oral findings, trial court must enter written revocation order reciting specific violations). We do not disturb the appellant’s sentence in Circuit Court Case No. 95-361.
AFFIRMING the judgment, VACATING the sentences, and REMANDING for correction of the sentencing guidelines scoresheet, for resentencing, and for entry of a proper written revocation order in Circuit Court Case No. 95-145.
MINER and WEBSTER, JJ., concur.