PER CURIAM.
The appellant, Michael L. Rogers, challenges the trial court’s judgment and sentence.
On January 6, 1995, the state charged the appellant with manufacture of cocaine in violation of section 893.13(l)(a), Florida Statutes (1993). The jury found the appellant guilty of the lesser included offense of possession of cocaine, and the trial court subsequently adjudicated him guilty of that offense and sentenced him to five years in prison to run concurrently with the sentence imposed in case number 92-00798. Although the trial court orally pronounced at the sentencing hearing that it was departing from the guidelines and gave reasons for its departure, written reasons were not filed. A timely notice of appeal followed.
The appellant raises various contentions regarding his conviction. We disagree with those contentions and affirm his conviction without discussion. However, we agree, and the state concedes, with the appellant’s contention that the trial court erred in imposing an upward departure sentence without providing written reasons.
If the total sentencing points on a sentencing guidelines scoresheet are less than or equal to forty, the recommended sentence must not be a state prison sentence. § 921.0014(1), Fla.Stat. (1993). In the instant ease, although the appellant’s score-sheet indicates thirty-three total sentence points, the trial court sentenced the appellant to five years in prison. Because no written reasons were given for the upward departure sentence, the prison sentence was error. See Smith v. State, 564 So.2d 1256 (Fla. 2d DCA 1990).
The state argues, however, that the appellant was on probation when the possession of cocaine offense took place and that the appellant’s scoresheet erroneously omits points for violation of his probation. If this contention is correct, it can be taken care of upon remand. We, therefore, vacate the sentence and remand for resentencing within the guidelines with the preparation of a correct sentencing guidelines scoresheet. See Williams v. State, 21 Fla. L. Weekly D2050, — So.2d - [1996 WL 511516] (Fla. 1st DCA Sept. 11,1996).
Affirmed in part, reversed in part, and remanded.
SCHOONOVER, A.C.J., and BLUE and FULMER, JJ., concur.