PER CURIAM.
In this appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we affirm the revocation of appellant’s probation, but conclude that remand is required for entry of an amended revocation order specifying, in conformance with the trial court’s oral pronouncement, the conditions of probation appellant was found to have violated. See McKinney v. State, 624 So.2d 373 (Fla. 1st DCA 1993); Hogwood v. State, 615 So.2d 780 (Fla. 1st DCA 1993). Appellant need not be present for this merely clerical correction. Bontrager v. State, 678 So.2d 518 (Fla. 1st DCA 1996).
We have considered the issues raised in appellant’s pro se briefs, and conclude that none of those matters warrant reversal under the circumstances. However, this disposition is without prejudice to appellant’s right to pursue his claims of ineffective assistance of trial counsel by motion pursuant to Florida Rule of Criminal Procedure 3.850.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
MINER, LAWRENCE and PADOVANO, JJ., concur.