PER CURIAM.
Appellant seeks review of the judgment and sentence imposed after the trial court revoked his probation. We affirm the revocation of probation. However, the trial court was required to find that Appellant had the ability to pay the ordered restitu *997 tion before revoking his probation for nonpayment. See Stephens v. State, 630 So.2d 1090, 1091 (Fla.1994); Kimble v. State, 396 So.2d 815 (Fla. 4th DCA 1981) (citing Williams v. State, 365 So.2d 201 (Fla. 1st DCA 1978)). Additionally, the trial court failed to orally pronounce or enter a written order specifying the conditions of probation that were violated. McKinney v. State, 624 So.2d 373, 374 (Fla. 1st DCA 1993) (citing Hogwood v. State, 615 So.2d 780 (Fla. 1st DCA 1993); Boggs v. State, 557 So.2d 203 (Fla. 2d DCA 1990)). Therefore, we AFFIRM the revocation of probation, and REMAND for further proceedings consistent with this opinion. See McKinney, supra; McQuitter v. State, 622 So.2d 590 (Fla. 1st DCA 1993) (citing Brown v. State, 537 So.2d 180, 181 (Fla. 3d DCA 1989); George v. State, 577 So.2d 996, 997 (Fla. 1st DCA 1991)).
BOOTH, DAVIS and POLSTON, JJ., concur.