533 So.2d 893 (1988)
Dale Douglas WORD, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-372.
District Court of Appeal of Florida, Third District.
November 8, 1988.
Bennett H. Brummer, Public Defender, and N. Joseph Durant, Jr., Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
Appellant Word contests the trial court's order revoking probation. As one of the conditions of his probation, Word was ordered to make restitution to his victim. Word made only one payment to the victim, paying half the ordered amount. He failed to pay any other restitution, although each month he told his probation officer that he had income varying from $300 to $600. His probation officer testified that Word told her that he did not make restitution because the victim's insurance paid her bills.
The state filed an affidavit charging Word with violation of probation. The affidavit alleged that Word violated the terms of his probation by (1) changing residence without permission; (2) failing to make monthly reports; (3) failing to work diligently at a lawful occupation; (4) failing to report to his probation officer; and (5) failing to make restitution payments. At the revocation hearing, Word's probation officer was the only witness. She testified concerning Word's representations of his earnings and his stated reasons for failing to make restitution. The trial court announced that it was revoking Word's probation solely because of the failed restitution; however, the court's written order set forth all the grounds listed in the state's affidavit as the basis for revocation. Word contends that the trial court committed error by failing to require the state to show that Word was financially able to make restitution, and by issuing an order that did not conform to the trial court's oral pronouncement. We affirm in part and reverse in part.
Word's assertion that the state had the burden of showing his ability to pay restitution is without merit. Once the state makes an initial showing that the probationer failed to make ordered restitution, the burden is on the defendant to demonstrate by clear and convincing evidence that he does not have the ability to pay. Clark v. State, 510 So.2d 1202 (Fla. 2d DCA 1987); Morgan v. State, 491 So.2d 326 (Fla. 1st DCA 1986); Bass v. State, 473 So.2d 1367 (Fla. 1st DCA 1985); *894 § 948.06(4), Fla. Stat. (1985). Applying that principle to the facts before us, we find no error in the trial court's revocation of Word's probation. Word's excuse for failing to pay fell short of the standard.
Word also argues that the trial court's written order failed to conform to the court's pronouncements at the revocation hearing. A trial court's written order must conform to the court's oral pronouncements. Williams v. State, 525 So.2d 458 (Fla. 2d DCA 1988). We, therefore, reverse and remand for entry of an order in conformity with the trial court's oral rulings at the revocation hearing.
AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR ENTRY OF AN APPROPRIATE ORDER.