619 So.2d 429 (1993)
Paul WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3681.
District Court of Appeal of Florida, First District.
June 4, 1993.
*430 Nancy A. Daniels, Public Defender, and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for appellee.
ALLEN, Judge.
This is an appeal from a judgment of the circuit court revoking the appellant's probation. Because the trial judge relied upon illegally seized evidence, an invalid condition of probation, and inadequate proofs in finding the appellant in violation of his probation, we reverse the judgment.
The appellant was serving concurrent terms of three years' probation when the vehicle he was driving was stopped by a police officer, ostensibly for playing a radio too loud. Upon stopping the vehicle, Officer Lockard noticed open cans of beer inside and arrested the appellant and two other passengers for open container violations. Lockard then searched the vehicle, discovered two handguns under the front passenger seat, and charged a passenger with possession of a firearm by a convicted felon. After Lockard had the vehicle towed, an inventory search revealed a stolen rifle in the trunk. The appellant was therefore charged with possession of stolen property.
The appellant's probation officer filed an affidavit of violation, alleging that the appellant had possessed a firearm and was arrested for theft of a firearm and an open container violation. The affidavit also alleged that the appellant had violated his probation by failing to commence his community service within thirty days of sentencing and by failing to obtain and maintain full-time employment within thirty days of sentencing. At the revocation hearing, the defense argued that none of the allegations had been proven by competent evidence and that the officer's stop of the vehicle was pretextual and therefore any fruits flowing from that stop should have been suppressed. The judge found that the stop was not pretextual, that the appellee had proven each allegation, and that the appellant was in material violation of his probation. The appellant was sentenced on his original charges to three-and-one-half years' imprisonment.
Turning first to the alleged violations growing out of the stop of the vehicle, we observe that articles and information obtained from an illegal search or seizure are inadmissible in probation revocation proceedings. State v. Cross, 487 So.2d 1056 (Fla. 1986), cert. dismissed, 479 U.S. 805, 107 S.Ct. 248, 93 L.Ed.2d 172 (1986). The appellant argues that the stop of his vehicle was pretextual and thus illegal. The appellee relies on the testimony of Officer Lockard as well as section 316.3045, Florida Statutes (1991), which limits the permissible volume of electrical soundmaking devises operated within motor vehicles, to argue that the stop was valid.
In order to prove that a traffic stop is not pretextual, "[t]he state must show that under the facts and circumstances a reasonable officer would have stopped the vehicle absent an additional invalid purpose." Kehoe v. State, 521 So.2d 1094, 1097 (Fla. 1988). In this case, the appellant and his passengers were traveling at 12:30 A.M. in an automobile along a congested avenue on which were located at least three local bars. Lockard testified that he stopped the vehicle for its loud stereo and that he noticed the volume because the windows on his patrol car were vibrating. Lockard's testimony was insufficient to meet the Kehoe standard because it did not show that his actions were consistent with his usual practice or with the actions of a reasonable officer. Lockard testified that the appellant's vehicle was the only vehicle he had ever stopped because of a loud stereo. See Davis v. State, 606 So.2d 460 (Fla. 1st DCA 1992). In fact, the appellee offered no evidence that police officers ever stopped vehicles for such a purpose. See id.; State v. Lagree, 595 So.2d 1029 *431 (Fla. 1st DCA 1992). And Lockard never pursued the purported basis for the stop by issuing a citation or a warning for the loud music. See Brown v. State, 577 So.2d 708 (Fla. 2nd DCA 1991); Arnold v. State, 544 So.2d 294 (Fla. 2d DCA 1989). Because there is no record support for the judge's finding that the stop was not pretextual, we conclude that the judge reversibly erred in making this finding and in basing his judgment upon the fruits of the unlawful stop.
Turning next to the alleged violation based on the appellant's failure to obtain and maintain full-time employment within thirty days of sentencing, we have held that a probationer cannot be ordered to maintain full-time employment and that imposition of such a requirement is sufficiently egregious to constitute fundamental error. Evans v. State, 608 So.2d 90 (Fla. 1st DCA 1992). Furthermore, probation cannot be revoked or its terms modified for violating an invalid condition. White v. State, 606 So.2d 1265 (Fla. 1st DCA 1992). Accordingly, the appellant's failure to obtain and maintain full-time employment within thirty days of sentencing was not a valid basis for revocation of the appellant's probation.
Finally, we address the alleged violation based upon the appellant's failure to commence his community service hours within thirty days. The appellant testified at the hearing that he had been to the community service worksite many times, but he was told by a man there that he had to keep checking in until appropriate work became available. The appellant's probation officer did not dispute this testimony, but merely noted that, according to her records, she had reminded the appellant of his obligations during his visits to her office. A violation which triggers a revocation of probation must be willful and substantial and the willful and substantial nature of the violation must be supported by the greater weight of the evidence. Johnson v. State, 561 So.2d 1254, 1255 (Fla. 2d DCA 1990). The evidence here does not support a finding of a substantial and willful violation of the community service condition of the appellant's probation.
Accordingly, we reverse the judgment of the trial court revoking the appellant's probation.
ZEHMER and WEBSTER, JJ., concur.