773 So.2d 566 (2000)
Danny ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3799.
District Court of Appeal of Florida, Second District.
October 13, 2000.
*567 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Danny Robinson appeals the order revoking his court-ordered probation, contending that the proof adduced by the State at the hearing was insufficient to support a finding of a violation of probation as a matter of law. Although he raises several meritorious contentions, there remain sufficient willful and substantial violations to support the trial court's determination to revoke his probation. Therefore, we affirm.
First, the trial court found that Mr. Robinson violated condition (2) of his probation by failing to pay the costs of his supervision and condition (10) by failing to pay court-ordered restitution. In a probation revocation proceeding, a trial court is required to investigate the reasons why a probationer has failed to pay a fine or restitution. See Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). The Florida Supreme Court enunciated this principle in Stephens v. State, 630 So.2d 1090, 1091 (Fla.1994): "[B]efore a person on probation can be imprisoned for failing to make restitution, there must be a determination that the person has, or has had, the ability to pay but has willfully refused to do so." See also Cherry v. State, 718 So.2d 294, 295 (Fla. 2d DCA 1998). We interpret these cases as requiring the State to bring forth evidence of the probationer's ability to pay to demonstrate willfulness, a necessary element to prove a violation. See Jordan v. State, 610 So.2d 616, 618 (Fla. 1st DCA 1992); Yancey v. State, 547 So.2d 1040, 1041 (Fla. 1st DCA 1989).
Here, the State brought forth no record evidence showing that Mr. Robinson had the ability to pay either his costs of supervision or restitution. Although the evidence demonstrated that Mr. Robinson had made payments reducing the total amount due on his restitution and costs and that there remained a balance due, nothing in the record indicated that these payments were insufficient in that he was able to pay a greater amount. Evidence consisting of only the amount due is inadequate to prove an ability to pay and, hence, inadequate to prove a willful violation. Accordingly, due to the failure of proof, Mr. Robinson was entitled to a favorable determination on the alleged violations of conditions (2) and (10).
The trial court also found that Mr. Robinson violated condition (5), which required him to live and remain at liberty without violating the law. The only evidence on which the court relied to make this finding was Mr. Robinson's admission to a deputy sheriff that he was a "crackhead." While perhaps indicative of Mr. Robinson's propensity to violate the law, the admission fails to prove an actual violation. Generally, this type of violation requires proof of a date, a location, and actual possession or use of an illegal drug. Again, because of a failure of proof, the charges as to condition (5) should have been dismissed.
Finally, the State alleged and the trial court found that Mr. Robinson had violated condition (1) by failing to file reports for the months of June and July 1998. The evidence supports the trial court's finding that Mr. Robinson did not *568 file reports for those dates, and this court had held that the failure to file monthly reports is a sufficient basis to revoke probation. See Williams v. State, 728 So.2d 287, 288 (Fla. 2d DCA 1999). Furthermore, the trial court found that Mr. Robinson failed to answer truthfully a question on his January 1998 report concerning whether he had been arrested the previous month. That finding was essentially grounded upon the judge's credibility assessment, and we have no basis on which to reject it. Accordingly, we affirm the trial court's determination to revoke Mr. Robinson's probation for violations of condition (1).
Albeit moot, one further issue warrants comment. The evidence indicates that the probation officer accepted some of Mr. Robinson's tardily-filed monthly reports. Subsequently, however, this belated filing was alleged in the affidavit to have constituted a violation of probation. The district courts are apparently split as to whether probation can be violated on the basis of a late-filed report. The Third District has held that once the defendant's late-filed reports have been accepted by the probation officer, the delay in filing cannot constitute a probation violation. See Hoshaw v. State, 533 So.2d 886 (Fla. 3d DCA 1988). The First District, however, has held to the contrary in Jordan. We suggest that this issue should be resolved on the unique facts of each case, because elements of reliance sufficient to establish a defense may exist in some situations but be absent in others. In this case, however, the issue is not ripe for adjudication.
Affirmed in part; reversed in part; and remanded with instructions for the trial court to modify the order violating Mr. Robinson's probation as to conditions (2), (5), and (10).
ALTENBERND, A.C.J., and GREEN, J., Concur.