823 So.2d 319 (2002)
Lisa Debra STEVENS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3905.
District Court of Appeal of Florida, Second District.
August 16, 2002.
*320 James Marion Moorman, Public Defender, Bartow, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Katherine Coombs *321 Cline, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Lisa Stevens challenges the circuit court order revoking her probation and sentencing her to two years' community control. We affirm in part, reverse in part, and remand for further consideration.
On June 13, 2000, Stevens pleaded no contest to grand theft and was sentenced to eighteen months' probation. The order of probation included as conditions of the probation the performance of one hundred hours of public service work in equal monthly installments and the payment of court costs and investigative costs in equal monthly installments. At her initial meeting, the probation officer instructed Stevens that the work hours should be completed at the water treatment plant on Sheldon Road in Tampa. Additionally, the officer instructed Stevens that she should make monthly payments of $81.70 per month to complete her financial obligation.
On February 23, 2001, an affidavit of violation was filed, alleging that Stevens had violated her probation by (1) falsifying the number of community service hours she had performed, (2) failing to complete the necessary number of community service hours in equal monthly installments, and (3) failing to pay costs in equal monthly installments. At the revocation hearing held on July 25, 2001, the trial court found that Stevens had committed all three violations. We affirm that finding only as it applies to Stevens' failure to perform the required community service hours in equal monthly installments.
For a trial court to revoke probation based on a violation of a condition of probation, the violation must be willful and substantial. Hightower v. State, 529 So.2d 726 (Fla. 2d DCA 1988). At a revocation hearing, the State has the burden of establishing the violation by a preponderance of the evidence. Roseboro v. State, 528 So.2d 499 (Fla. 2d DCA 1988); Van Wagner v. State, 677 So.2d 314 (Fla. 1st DCA 1996). The standard of review to be followed by this court in reviewing an order revoking probation is abuse of discretion. Bennett v. State, 684 So.2d 242 (Fla. 2d DCA 1996).
Based on our review of the record, we conclude that the greater weight of the evidence here does not support the trial court's finding that Stevens falsified community service records. Stevens' probation officer testified that she instructed Stevens that she would be required to perform community service hours in equal monthly installments at the Sheldon Road water treatment plant. Stevens was given a log book in which to record her hours and instructed to have her supervisor at the plant initial each entry. However, the officer also informed Stevens that she had the option to complete the hours at a water treatment plant on Linebaugh Avenue so long as Stevens informed her first.
At the time of violation, Stevens' log book contained six entries totaling twenty-four hours of service. Although the probation officer was able to verify four of those hours, she was unable to verify the entries initialed by "B.J." After the affidavit of violation was filed, Stevens informed her probation officer that the other hours were performed at the Linebaugh Avenue plant.[1] The record-keeper at the Sheldon Road plant testified that no one working at her plant had the initials B.J. and that she did not know of anyone employed at the *322 Linebaugh location with those initials. However, she did not testify that she in fact knew all the employees at the Linebaugh plant.[2] The probation officer testified that she "contacted actually every water facility in Hillsborough County, and they didn't have those hours done at any of those locations." Based on this testimony, the trial court found that Stevens had falsified the time log.
This evidence, however, does not support the trial court's finding that Stevens falsified the record. The testimony of the Sheldon Road record-keeper did not establish that there was no one working at the Linebaugh plant with the initials B.J.; it only established that she did not know of anyone working there with those initials. Furthermore, the only testimony that the work was not done at the Linebaugh plant was the probation officer's hearsay statement regarding what she was told by representatives of all the water treatment facilities in Hillsborough County. Although such hearsay statements may be admissible at a revocation hearing, such a statement alone cannot support a violation of probation. See Brown v. State, 492 So.2d 822 (Fla. 2d DCA 1986).
Similarly, the greater weight of the evidence does not support the finding that Stevens violated the condition regarding the payment of financial costs. Revocation of probation for failure to pay costs is improper absent evidence of the probationer's ability to pay. Manies v. State, 621 So.2d 679 (Fla. 2d DCA 1993). The testimony at the hearing revealed that, at the time of violation, Stevens was behind in her cost payments. However, the probation officer also testified that Stevens was an unemployed, stay-at-home single mother. The State presented no evidence demonstrating Stevens' ability to pay costs.
We therefore conclude that the trial court abused its discretion in finding that the greater weight of the evidence supported findings that Stevens willfully and substantially violated her probation by falsifying the record of her community service hours and by failing to pay the costs of supervision. Accordingly, we reverse the revocation order as it relates to those violations.
The trial court's finding that Stevens failed to perform the work hours in equal monthly installments as required by the order of probation is supported by the record. However, because we cannot determine whether the trial court would have revoked Stevens' probation based solely on this violation, we remand this case to the trial court for a determination of whether to revoke solely on that basis. See Lynom v. State, 816 So.2d 1218 (Fla. 2d DCA 2002).
Affirmed in part, reversed in part, and remanded.
BLUE, C.J., and SALCINES, J., Concur.
NOTES
[1] The affidavit of violation of probation did not allege a violation based on the failure to follow instructions.
[2] The record-keeper did represent that she knew all the employees at the Sheldon Road plant but did not make the same representation regarding the Linebaugh Avenue plant.