849 So.2d 444 (2003)
Cheryl M. GLASIER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4781.
District Court of Appeal of Florida, Second District.
July 16, 2003.
*445 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Erica M. Raffel, Tampa, for Appellee.
CASANUEVA, Judge.
Cheryl M. Glasier has appealed from the trial court's order revoking her probation, contending that her probation was revoked based on alleged violations for which there was no proof. Although we agree with Ms. Glasier that the evidence was insufficient to revoke her probation based on failure to pay costs of supervision (condition 2) and failure to pay court costs (condition 10), we hold that the evidence was sufficient to revoke her probation on the grounds that she had consumed alcohol to excess (condition 7) and had refused to submit to urinalysis and breathalyzer testing (condition 13).
"The State carries the burden of proving by the greater weight of the evidence that a probationer has willfully and substantially violated probation." Hines v. State, 789 So.2d 1085, 1086 (Fla. 2d DCA 2001). When the probationer is accused of violating by failing to pay court costs or costs of supervision, the State must adduce evidence of her ability to pay to demonstrate willfulness. Robinson v. State, 773 So.2d 566, 567 (Fla. 2d DCA 2000). When reviewing an order revoking probation, this court must assess whether the trial court abused its discretion. Bennett v. State, 684 So.2d 242 (Fla. 2d DCA 1996).
We must strike from the order of revocation any reference to conditions 2 and 10 on the ground that the State failed to present any evidence demonstrating that Ms. Glasier had the ability to pay her costs. Evidence that consists only of the amount the probationer is in arrears is insufficient to prove her ability to pay and thus insufficient to prove the willfulness element of a violation. Robinson, 773 So.2d at 567.
However, the trial court did not abuse its discretion in finding that the prosecution demonstrated by the greater weight of the evidence that Ms. Glasier had committed wilful and substantial violations of probation conditions 7 and 13. The State presented competent substantial evidence through a probation officer that in one instance Ms. Glasier refused to take a breathalyzer test and on another occasion a test registered her blood alcohol at.295. Ms. Glasier herself testified concerning her alcohol consumption.
Although we have found two invalid reasons for revocation, the trial court did not abuse its discretion in revoking Ms. Glasier's probation based upon the two remaining valid grounds. Accordingly, we affirm the revocation of Ms. Glasier's probation but remand for the trial court to strike references to conditions 2 and 10 from the revocation order.
NORTHCUTT and COVINGTON, JJ., Concur.