865 So.2d 644 (2004)
Enden A. REED, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-2696.
District Court of Appeal of Florida, Second District.
February 13, 2004.
*646 James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Enden A. Reed seeks review of the judgment and sentence entered after the trial court found Reed in violation of his probation. Reed argues that the court abused its discretion in determining that he willfully and substantially violated conditions two, nine, twenty-four, and twenty-seven of his probation. We agree and reverse.

Condition two
The State charged that Reed violated condition two by being $555.30 behind in payments for costs of supervision and by failing to maintain full-time employment. Reed's probation officer testified that Reed owes $555.30 for costs of supervision, but the State did not provide any testimony to show that Reed had the means to pay these costs. Reed testified that he did not have the means to pay his costs of supervision because he was unemployed and his rent was $400 per month. He also testified that he had no electricity or car and that he was receiving food stamps.
A violation of probation must be willful and substantial to warrant revocation of probation. Glasier v. State, 849 So.2d 444, 445 (Fla. 2d DCA 2003). When the State seeks to prove a violation of probation for failure to pay costs of supervision, it must offer evidence of the defendant's ability to pay to show that the violation was willful. Id. at 445; Stevens v. State, 823 So.2d 319, 322 (Fla. 2d DCA 2002). It is not sufficient for the State to merely provide evidence of the amount the defendant is in arrears. Id. In this case, the State presented no evidence aside from Reed's probation officer's testimony regarding the amount he was in arrears on his costs of supervision. Therefore, the *647 trial court abused its discretion in finding that Reed had violated his probation for being $555.30 behind in payments for costs of supervision.
A probation condition requiring a defendant to maintain full-time employment is fundamental error because factors out of the defendant's control could prevent completion of this requirement. See White v. State, 619 So.2d 429, 431 (Fla. 1st DCA 1993); Evans v. State, 608 So.2d 90, 91 (Fla. 1st DCA 1992); Walls v. State, 596 So.2d 811, 812 (Fla. 4th DCA 1992).[1] A trial court may not revoke probation for violation of a condition that is invalid. White, 619 So.2d at 431. Accordingly, the trial court abused its discretion in finding that Reed had violated his probation for failing to maintain full-time employment.

Condition nine
The State charged that Reed violated condition nine by failing to work diligently and at a lawful occupation. The record reflects that, since May 2002,[2] Reed has been actively seeking employment and has in fact held two separate positions over several months. Reed was terminated from one of his positions for requesting time off to attend a funeral, and the second place of employment had no full-time positions available. Although Reed was unemployed at the time the affidavit of violation of probation had been filed, he was attending a vocational school. Therefore, any violation of probation for Reed's failure to "work diligently at a lawful occupation" is not willful.

Condition twenty-four
The State charged that Reed violated condition twenty-four by being $2650 behind on his child support payments for his daughter to his ex-wife. However, the trial court found that Reed violated his probation by failing to provide support for a child different from the one named in the affidavit of violation of probation. Accordingly, the trial court abused its discretion in finding that Reed had violated condition twenty-four of his probation.

Condition twenty-seven
The State charged that Reed violated condition twenty-seven by having two unexcused absences from sex offender counseling and being $550 behind in payments for sex offender counseling. Condition twenty-seven of Reed's probation requires that he "enter, participate, and successfully complete sex offender treatment as directed by the court." Reed's probation officer testified, and Reed admitted, that he missed two sessions of his sex offender counseling in October and November 2002. However, there was no testimony that Reed had been discharged from the program or had otherwise stopped attending sessions. Reed testified that he missed the two group meetings because he was at the hospital and dentist. His mother corroborated his testimony. Reed also testified that he showed the therapist in charge of his group his doctors' notes and believed the therapist had excused the absences. Reed's absence from a few sessions, without more, does not give rise to a willful and substantial violation of probation. See Lynom v. State, 816 So.2d 1218, 1220 (Fla. 2d DCA 2002).
As for Reed's failure to make the payments for sex offender counseling, the *648 State presented no evidence aside from Reed's probation officer's testimony regarding the amount he was in arrears on his payments for sex offender counseling. Accordingly, the trial court abused its discretion in finding that Reed had violated his probation based on his sex offender payment arrearage. Glasier, 849 So.2d at 445; Stevens, 823 So.2d at 322.
Because the trial court abused its discretion in determining that Reed willfully and substantially violated conditions two, nine, twenty-four, and twenty-seven of his probation, we reverse Reed's judgment and sentence.
Reversed.
NORTHCUTT and COVINGTON, JJ., Concur.
NOTES
[1] This is in contrast to the lawful requirement that the defendant seek full-time employment. See Vezina v. State, 644 So.2d 602, 603 (Fla. 1st DCA 1994).
[2] Reed was placed on probation in August 1999, but the probation officer who testified took over his case in May 2002.