PER CURIAM.
Antwan Conner appeals the trial court’s order revoking his probation and the resulting judgment and sentence of ten years’ imprisonment. The trial court found that Conner willfully and substantially violated three conditions of his probation. We conclude that the State proved only one of the three violations found by the trial court. However, because we are able to conclude that the trial court would have revoked Conner’s probation based solely on the violation proven, we affirm.
Conner argues that the State did not present sufficient evidence that he violated conditions 37 and 47 requiring him to pay “$50 Crimes Compensation” and “$150 Court Facilities Fund,” respectively. The State concedes that it did not prove willful and substantial violations of these conditions. We agree. There was no evidence that Conner was able to pay these costs. See Stephens v. State, 630 So.2d 1090 (Fla.1994); Robinson v. State, 773 So.2d 566 (Fla. 2d DCA 2000). In fact, the only time conditions 37 and 47 were mentioned at the revocation hearing was when Conner’s probation officer recited the conditions she alleged were violated. Accordingly, the trial court erred in finding that these conditions were violated.
On appeal, Conner does not dispute that the State established that he violated condition 1, the remaining violation. Condition 1 stated: “Each month you will make a full and truthful report to your officer on the form provided for that purpose as instructed by your officer.” In support of the violation of this condition, the State proved that Conner failed to submit his written reports for three successive months. After a thorough review of the record, including the transcript of the revocation hearing, we have no doubt that the trial court would have revoked Conner’s probation based solely on his violation of condition 1. Therefore, we affirm the revocation order to the extent that it is based on Conner’s violation of condition 1.
Affirmed in part, reversed in part, and remanded with instructions for the trial court to modify the order violating Conner’s probation by deleting the findings that Conner violated conditions 37 and 47.
ALTENBERND, C.J., and DAVIS and WALLACE, JJ., concur.