902 So.2d 905 (2005)
John S. BLACKWELDER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3339.
District Court of Appeal of Florida, Second District.
June 1, 2005.
*906 James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
John Blackwelder appeals the trial court's order revoking his court-ordered probation. The trial court found that Mr. Blackwelder had violated two of the conditions of his probation by committing a new law violation and by consuming ecstasy, an illegal drug. On this appeal, Mr. Blackwelder argues only that the trial court erred in finding that he had willfully and substantially violated a third condition of his probation by failing to pay the costs of his supervision. Because the evidence presented at the revocation hearing was insufficient as a matter of law to prove that Mr. Blackwelder had the ability to pay the court-ordered costs but willfully failed to do so, we affirm the revocation order but remand with instructions for the trial court to make an appropriate modification to the order.
In accordance with condition 27 of his probation, Mr. Blackwelder was ordered to pay $30 per month toward the costs of his supervision. The State charged that Mr. Blackwelder had violated condition 27 by failing to pay the $30 monthly payment and that he was $658.20 in arrears. At the revocation hearing, the State established *907 that Mr. Blackwelder's probation officer had explained to him the conditions of his probation, including condition 27, and that Mr. Blackwelder understood the conditions. The probation officer testified that Mr. Blackwelder was still behind in his payments by at least $658.20 at the time of the hearing. The probation officer also testified that to the best of his knowledge, Mr. Blackwelder was employed until one month prior to the revocation hearing.
On cross-examination, the probation officer admitted that he did not know whether Mr. Blackwelder was able to make the payments. The probation officer did not know whether Mr. Blackwelder had any dependents, he did not know what Mr. Blackwelder's rent was, nor did he have any information about Mr. Blackwelder's economic situation.
During closing arguments, defense counsel argued that the State had not proven the alleged violation of condition 27 because it did not present any evidence that Mr. Blackwelder had the ability to pay the court-ordered costs. However, the trial court ruled that the State had proven all three of the alleged violations, including the violation of condition 27. The trial court observed that if the defense had raised the issue of Mr. Blackwelder's ability to pay, then the burden of proving the probationer's ability to pay would have shifted to the State. The trial court concluded that it could not consider the matter because of the defense's omission to raise the issue earlier.
In a proceeding for revocation of probation, "[t]he State carries the burden of proving by the greater weight of the evidence that a probationer has willfully and substantially violated probation." Hines v. State, 789 So.2d 1085, 1086 (Fla. 2d DCA 2001). The Supreme Court of Florida has held that when it has been alleged that a probationer has violated probationary conditions by failing to pay court-ordered costs, "there must be a determination that the person has, or has had, the ability to pay but has willfully refused to do so." Stephens v. State, 630 So.2d 1090, 1091 (Fla.1994). Accordingly, the State is required to present evidence of the probationer's ability to pay to demonstrate the willfulness of the violation. Reed v. State, 865 So.2d 644, 647 (Fla. 2d DCA 2004); Glasier v. State, 849 So.2d 444, 445 (Fla. 2d DCA 2003); Robinson v. State, 773 So.2d 566, 567 (Fla. 2d DCA 2000). Moreover, the State does not meet its burden merely by introducing evidence that establishes the specific amount the probationer is in arrears. Reed, 865 So.2d at 647; Glasier, 849 So.2d at 445; Robinson, 773 So.2d at 567.
Contrary to the view expressed by the trial court at the revocation hearing, the State had the burden of proving that Mr. Blackwelder had the ability to pay the costs of his supervision. The defense did not have to raise the issue to "shift" the burden to the State.[1] Because the State failed to present the requisite *908 evidence of Mr. Blackwelder's ability to pay, it did not carry its burden of proving that Mr. Blackwelder willfully and substantially violated condition 27 of his probation. Therefore, the trial court abused its discretion in finding that Mr. Blackwelder had violated this condition.
The only relief that Mr. Blackwelder has sought on this appeal is the correction of the revocation order to reflect that he did not violate condition 27 of his probation. Therefore, we affirm the revocation of Mr. Blackwelder's probation but remand for the trial court to strike references to the violation of condition 27 from the revocation order.
Affirmed in part, reversed in part, and remanded with instructions.
NORTHCUTT, SILBERMAN, and WALLACE, JJ., Concur.
NOTES
[1] The State cites section 948.06(5), Florida Statutes (2004), McQuitter v. State, 622 So.2d 590 (Fla. 1st DCA 1993), and Green v. State, 620 So.2d 1126 (Fla. 1st DCA 1993), for the proposition that once the State makes an initial showing that the probationer failed to pay court-ordered costs, the burden shifts to the probationer to prove by clear and convincing evidence that he lacked the ability to pay. See also Word v. State, 533 So.2d 893 (Fla. 3d DCA 1988). However, section 948.06(5), despite its plain language, cannot relieve the State of its burden to prove that the violation was willful by proving the probationer's ability to pay. Osta v. State, 880 So.2d 804 (Fla. 5th DCA 2004). Moreover, McQuitter, Green, and Word were decided before our supreme court's decision in Stephens v. State, 630 So.2d 1090, 1091 (Fla.1994). Thus it is doubtful that these pre-Stephens cases remain valid.