933 So.2d 17 (2006)
Olin Jackson GUDERIAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3878.
District Court of Appeal of Florida, Second District.
April 28, 2006.
Rehearing Denied June 26, 2006.
James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Olin Guderian appeals the trial court's order revoking his probation and sentencing him to ten years' prison. The court revoked Guderian's probation for failure to report, changing his approved residence *18 without consent, failure to pay costs of supervision, and failure to pay court costs and public defender fees. Guderian's only argument on appeal is that there was insufficient evidence of a willful failure to pay court-ordered costs under conditions 9, 39, and 40. We agree for the reasons discussed below.
Condition 9 required Guderian to pay $30 per month toward the cost of supervision. Condition 39 required Guderian to pay court costs in the amount of $400 within twenty-four months of probation. Condition 40 required Guderian to pay a public defender's fee in the amount of $300 within twenty-four months of probation. Guderian began serving probation on July 16, 2003. On January 26, 2004, an affidavit of violation of probation was filed, alleging, among other things, that Guderian had failed to make sufficient monthly payments toward the court-ordered costs and was in arrears $210 for condition 9 costs and $180.72 for costs under conditions 39 and 40.
When the State seeks to prove a violation of probation for failure to pay court-ordered costs, "it must offer evidence of the defendant's ability to pay to show that the violation was willful." Reed v. State, 865 So.2d 644, 646 (Fla. 2d DCA 2004); Stevens v. State, 823 So.2d 319, 322 (Fla. 2d DCA 2002). "It is not sufficient for the State to merely provide evidence of the amount the defendant is in arrears." Reed, 865 So.2d at 646; Blackwelder v. State, 902 So.2d 905, 908 (Fla. 2d DCA 2005).
At the August 2, 2004, revocation hearing, the only evidence about court-ordered costs was from Guderian's probation officer. The probation officer testified that Guderian had not made any payment toward his cost of supervision. When questioned about whether payment of court costs and public defender fees was current, the probation officer replied, "No Ma'am." The probation officer then admitted that he had not had any contact with Guderian and therefore had no "knowledge if he had a job or how much money he was earning." The State presented no evidence on the issue of ability to pay to show that the violation was willful. Therefore, the trial court abused its discretion in finding that Guderian had violated conditions 9, 39, and 40.
Guderian's remaining violations for failing to report and changing his residency without consent, thus leaving his whereabouts unknown until his arrest, are substantial violations sufficient to support the revocation of his probation. Therefore, we affirm the revocation and reverse and remand only to strike references to the violations of conditions 9, 39, and 40 from the revocation order. See Mitchell v. State, 871 So.2d 1040 (Fla. 2d DCA 2004).
Affirmed in part, reversed in part, and remanded to strike conditions 9, 39, and 40 from the revocation order.
FULMER, C.J., and KELLY, J., Concur.