PER CURIAM.
Kevin L. Crews presents a timely claim that his appellate counsel was ineffective for failing to pursue the issue that the trial court’s written order revoking probation, finding that petitioner had committed all violations alleged in the violation of probation affidavit, differed from its oral pronouncement, which was based on petitioner’s admission to a violation of a single condition by his commission of a new law offense. We agree with petitioner that the written revocation order is erroneous in that it finds petitioner in violation of conditions for which the trial court made no pronouncement of guilt and to which he did not offer an admission. See, e.g., Kemp v. State, — So.3d - (Fla. 1st *984 DCA 2013) (affirming revocation of probation but remanding to correct revocation order to reflect only the violation admitted as its basis). We further conclude that appellate counsel was deficient for failing to pursue this issue.
Petitioner concedes and we agree that this error does not entitle him to reversal of either his conviction or his sentence. However, had this issue been properly pursued on appeal, he would have been entitled to have his revocation order corrected to reflect the basis on which his probation was revoked. Accordingly, we GRANT the petition and REMAND to the lower tribunal with directions to enter an amended revocation order conforming with the oral pronouncement basing the revocation of probation on petitioner’s admission to the violation of condition 5 of his probation.
LEWIS, C.J., and SWANSON, J., concur.
BENTON, J., dissents.