IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

REYNALDO ANTONIO
AVILES,

       Appellant,

v.

STATE OF FLORIDA,

       Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-2542

Opinion filed June 8, 2015.

An appeal from the Circuit Court for Bradford County.
Robert Groeb, Judge.

Nancy A. Daniels, Public Defender, and Zachary Lawton, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jessica DaSilva, Assistant Attorney General, Tallahassee, for Appellee.

BILBREY, J.

Following his entry of a negotiated plea and sentence for selling or dispensing drugs without a prescription, appellant was placed on probation. On March 3, 2014, an affidavit of violation of probation was filed charging violations

of three general conditions of probation and of two special conditions. A contested hearing was held on the alleged violations. At the conclusion of the hearing, the trial court found appellant had violated general conditions 3, 8, and 10 and special conditions 2 and 3 of his probation. Based on the violations, the trial court revoked appellant's probation and sentenced him to five years of imprisonment, with credit, for the underlying offense. A written order followed; however, the written order did not conform to the trial court's oral pronouncement, in that the written order provides that appellant "violated conditions 9, 22 and 28, of the Order of Probation and Community Control." The appellant then filed an appeal of the order revoking probation.

An order revoking probation is reviewed for an abuse of discretion. State v. Carter, 835 So. 2d 259 (Fla. 2002). But, to permit revocation of probation, a violation must be willful and substantial. Odom v. State, 15 So. 3d 672 (Fla. 1st DCA 2009); Savage v. State, 120 So. 3d 619 (Fla. 2d DCA 2013). Reasonable efforts to comply with a condition of probation cannot be deemed a willful violation. Odom. Furthermore, a written order revoking probation must conform to the trial court's oral pronouncement. Crews v. State, 128 So. 3d 983 (Fla. 1st DCA 2014); Fletcher v. State, 149 So. 3d 147 (Fla. 4th DCA 2014).

Appellant raises three challenges to the revocation of probation. He first argues that the trial court erred in basing revocation, in part, on his failure to

2

maintain full-time employment. The Appellant is correct that it is improper to require a probationer, without exception, to maintain full-time employment as a condition of probation because factors out of the probationer's control could prevent completion of this requirement. See Miller v. State, 691 So. 2d 26 (Fla. 1st DCA 1997); Delacruz v. State, 687 So. 2d 66 (Fla. 1st DCA 1997); White v. State, 619 So. 2d 429 (Fla. 1st DCA 1993); Reed v. State, 865 So. 2d 644 (Fla. 2d DCA 2004). A probationer can be ordered to either maintain full-time employment or provide proof of job searches. Evans v. State, 608 So. 2d 90 (Fla. 1st DCA 1992); Miller. But without providing an unemployed probationer the reasonable opportunity to secure employment, the trial court created an invalid condition of probation. Probation cannot be revoked or its terms modified for violating an invalid condition. White, 619 So. 2d at 431; Odom.

In revoking probation, the trial court also noted that appellant failed to submit job search logs, as ordered by his probation officer. However, failure to comply with this instruction is not a proper basis for revocation. The trial court did not impose such a condition on appellant when he was sentenced to probation, and a probation officer has no authority to impose additional conditions of probation, even if the court has ordered the probationer to follow all instructions the officer may give. Paterson v. State, 612 So. 2d 692 (Fla. 1st DCA 1993); Bishop v. State, 21 So. 3d 830 (Fla. 1st DCA 2008).

Appellant's second issue is that the trial court erred in finding appellant violated several conditions of probation by not paying court costs, restitution, and drug testing costs because the trial court did not also find appellant had an ability to pay these costs. Appellant is correct on this issue. In <u>Del Valle v. State</u>, 80 So. 3d 999, 1012 (Fla. 2011), the Florida Supreme Court stated, "In probation revocation proceedings for failure to pay a monetary obligation as a condition of probation, the trial court must find that the defendant's failure to pay was willful— i.e., the defendant has, or has had, the ability to pay the obligation and purposefully did not do so."

The State again argues that this issue has not been preserved for appellate consideration, but revocation of probation for a failure to pay costs without the requisite finding as to ability to pay is fundamental error. <u>Id.</u> at 1004; <u>Smith v. State</u>, 49 So. 3d 833, 834 (Fla. 1st DCA 2010); <u>Odom</u>, 15 So. 3d at 678-79.

Appellant's third issue in this appeal is the trial court's finding that appellant changed his residence without the consent of his probation officer. This finding by the trial court is adequately supported by competent, substantial evidence, and therefore, we do not disturb that finding. While there was some hearsay testimony adduced by the State, revocation on this ground was not predicated solely on such testimony. <u>See</u> <u>Carter v. State</u>, 82 So. 3d 993, 994–95 (Fla. 1st DCA 2011)

4

("Hearsay is admissible at a probation revocation hearing to supplement or explain other, competent evidence, but hearsay alone will not support revocation.").

Because we are unable to determine from the record on appeal whether the trial court would have revoked appellant's probation or imposed the same sentence on the sole ground that appellant impermissibly changed his residence, we remand the cause to the trial court to reconsider the revocation and sentence imposed. Further, should the trial court again revoke probation following remand, the written order should find a violation of general condition 3, and not conditions 9, 22, or 28.

AFFIRMED in part, REVERSED in part and REMANDED.

THOMAS and MARSTILLER, JJ., CONCUR.