# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4089

_____

ALFRED JAMES SCOTT,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Russell Healey, Judge.

August 10, 2018


PER CURIAM.

Alfred James Scott appeals the trial court's order modifying his probation. Because the State failed to prove that Scott willfully violated a substantial condition of his probation, we reverse.

Scott entered an open plea of guilty to one count of selling marijuana. Since he had no prior record, the trial court withheld adjudication of guilt and imposed twenty-one months' probation and a ninety-day jail sentence, which the court suspended based on Scott's assurances that he had secured a job at Home Depot. A few months later, the State filed an affidavit alleging Scott violated probation by failing to obtain employment with Home Depot. It was undisputed that Scott had obtained employment—

in fact, he had two jobs totaling sixty hours per week—but he did not get the job at Home Depot. As a result, the court concluded that Scott willfully and substantially violated his probation, and it modified his probation to impose the jail time.

Scott argues the trial court erred in finding a willful and substantial violation of probation based on a condition not imposed by the trial court. We agree. The transcript of the original sentencing hearing reflects a discussion regarding employment at Home Depot, but the actual condition of probation imposed by the court was that Scott obtain a full-time job or show good faith efforts to do so. Specifically, the court explained,

> And if he doesn't get a job [at Home Depot], in addition to the 90 days – well, the condition of probation is he gets a job, full-time job, or show at least five applications per week until he gets a job.

The written probation order is consistent with the court's oral pronouncement. Indeed, the State concedes that the court did not impose employment at Home Depot as a condition of probation, instead arguing it was a "separate agreement" that governed Scott's suspended sentence. However, the "language used in a condition of probation is determinative of a probationer's duties and responsibilities while on probation." *Odom v. State*, 15 So. 3d 672, 677 (Fla. 1st DCA 2009) (quoting *Stanley v. State*, 922 So. 2d 411, 414 (Fla. 5th DCA 2006)). Because the State's evidence did not show that Scott failed to obtain a full-time job, the court erred in finding a willful and substantial violation of probation.

REVERSED and REMANDED.

ROWE and RAY, JJ., concur; MAKAR, J., concurring in result with opinion.

2

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

MAKAR, J., concurring in result with opinion.

Thirty-two-year-old Alfred James Scott, who had no prior criminal record, pled guilty to one count of selling marijuana. At the sentencing hearing, the trial judge imposed a ninety-day suspended sentence with twenty-one months of probation thereafter. The suspended sentence was conditioned on Scott getting a job at Home Depot, which Scott said he had lined up. In his oral pronouncement, however, the trial judge was unclear as to whether this condition applied to the suspended sentence or, more generally, was a condition of probation, saying "well, the condition of probation is he gets a job, full-time job, or show at least five applications per week until he gets a job." Confusion resulted in an "Order on Probation," signed by the trial judge, stating verbatim what he had required as to full-time work and job applications without mention of the Home Depot job.

Two months later, the Department filed a violation report, stating as grounds that Scott did not get the job at Home Depot. At the revocation hearing, Scott's probation officer testified that "[h]e's been complying with everything I asked him to do." She confirmed that he obtained full-time employment, but that "[h]e did not get the Home Depot job." She explained that she "got a letter stating why he didn't get it, I'm assuming because of his background he didn't get the job. He was offered the job but as his background came they didn't—they rescinded the offer." Scott testified, confirming that he'd received an offer of employment, but that it was revoked when Home Depot learned he was on probation. He then sought other employment and was hired full-time at Michael's (40+ hours weekly) and part-time at McDonald's (20 hours weekly). He reapplied to Home Depot as well.

3

On this record, Scott's counsel argued that no willful violation occurred: Scott had received an offer from Home Depot, which was withdrawn due to his probationary status, a matter over which Scott had no control, and Scott mitigated the setback by getting two jobs totaling more than full-time employment. The trial judge, however, concluded that Scott engaged in a willful and substantial violation because "he had guaranteed me he had [the Home Depot job] . . . which turned out to be not true." The trial judge expressed confusion as to why there was a need for a probation revocation hearing because the "suspended sentence [was] based on getting the job at Home Depot" and was not a condition of probation. The hearing concluded with the trial judge saying, "[t]hat will teach me a lesson. Just do what I should have done in the first place," i.e., to incarcerate Scott without the employment-at-Home Depot condition.

On appeal, Scott asserts that the trial court erred in concluding that his failure to secure the Home Depot job was a substantial and willful violation of the conditions placed upon him. He also argues that the condition that he work full-time is fundamental error, citing caselaw finding such a condition invalid. *See White v. State*, 619 So. 2d 429, 431 (Fla. 1st DCA 1993) (holding that "a probationer cannot be ordered to maintain full-time employment and that imposition of such a requirement is sufficiently egregious to constitute fundamental error."); *see also Aviles v. State*, 165 So. 3d 841, 843 (Fla. 1st DCA 2015) (holding that "it is improper to require a probationer, without exception, to maintain full-time employment as a condition of probation because factors out of the probationer's control could prevent completion of this requirement. . . . A probationer can be ordered to either maintain full-time employment or provide proof of job searches") (citations omitted).

Taking the latter issue first, Scott assured the trial judge that he had the Home Depot job and willingly accepted the employment condition to avoid incarceration. He did not object to the condition and, instead, embraced it, thereby waiving his ability to assert fundamental error on appeal as to the condition's validity. *Universal Ins. Co. of N. Am. v. Warfel*, 82 So. 3d 47, 65 (Fla. 2012). That he's waived the right to seek invalidation of the Home Depot condition *in its entirety*, however, does not mean he

4

waived all other errors, including the basic requirement that a willful and substantial violation of the condition must be proven. Because he acceded to the condition of Home Depot employment, appellate review is limited to whether the trial court's finding that Scott violated that condition meets applicable standards.

Turning to this second issue, the appellate standard of review of the trial court's order is for an abuse of discretion. *Aviles*, 165 So. 3d at 842; *see also Brill v. State*, 32 So. 2d 607, 609 (Fla. 1947) (revocation of a suspended sentence subject to whether trial court abused its discretion). Stated differently, an "appellate court must determine whether or not the trial court acted in an arbitrary, fanciful or unreasonable manner in determining that [the probationer's] violation was both willful and substantial." *Friddle v. State*, 989 So. 2d 1254, 1255 (Fla. 1st DCA 2008) (citing *State v. Carter*, 835 So. 2d 259, 262 (Fla. 2002)).

Here, the panel concludes that Home Depot employment was not a condition of probation, but the trial court unequivocally said that it was a condition of the suspended sentence, making it unclear whether the oral or written pronouncement controls, a point upon which this district is somewhat indeterminate. *Compare Odom v. State*, 15 So. 3d 672, 677 (Fla. 1st DCA 2009) (stating that "'the language used in a condition of probation is determinative of a probationer's duties and responsibilities while on probation.'") (quoting *Stanley v. State*, 922 So. 2d 411, 414 (Fla. 5th DCA 2006)), *with Rowland v. State*, 548 So. 2d 812, 814 (Fla. 1st DCA 1989) ("A trial court's oral pronouncement controls over its written order."). The trial court was adamant that the condition at issue was placed on Scott's suspended sentence and not a condition of probation, saying: "Technically I guess I'll find that it is a willful violation, substantial violation of his probation, despite the fact we shouldn't even be here because it was a suspended sentence based on getting the job at Home Depot."

Regardless of whether the Home Depot condition was placed on Scott's suspended sentence (as the trial judge believed) or was a condition of probation (though not mentioned in the probation order), the same standard of appellate review applies: whether the trial court's decision was an abuse of discretion. *Brill*, 32 So.

5

2d at 609; *Aviles*, 165 So. 3d at 842. Either way, that standard is met in this case: it was an abuse of discretion on this record to find Scott's failure to get the Home Depot job as both willful and substantial.

First, it wasn't willful because "[r]easonable efforts to comply with a condition of probation cannot be deemed a willful violation." *Aviles*, 165 So. 3d at 842. Scott did all he could to secure the Home Depot job, and when it fell through, he sensibly undertook efforts in applying for and obtaining full-time employment at Michael's and part-time employment at McDonald's, exceeding the workweek the Home Depot job offered. Such efforts are commendable and show initiative; they are the converse of willful avoidance of an employment condition. And jailing Scott short-circuited his two jobs, as well as his future employment prospects.

In addition, Scott was forthright with the trial judge about the Home Depot position, making clear at sentencing that he had the job in hand subject to the employer's receipt of papers showing the disposition of his case:

> THE COURT: What is the status of this Home Depot?
> THE DEFENDANT: They are waiting – *they are waiting on my disposition papers*. I'm going to fax it to them and once that clears, that I will be hired.
> THE COURT: So you think if I don't put you in jail, you will get that job?
> THE DEFENDANT: I know it for a fact, sir.

(Emphasis added). The trial judge was told that the Home Depot job was conditioned on the disposition papers, making it clear that Scott's exuberance was likewise conditioned on this contingency. To conclude that Scott had "guaranteed" employment at Home Depot, when the employer's final decision hinged on the disposition papers, was unjustified, particularly given the recognized principle that probation cannot be revoked based on matters over which the probationer has no control. *Aviles*, 165 So. 3d at 843; *see also Winfield v. State*, 406 So. 2d 50, 52 (Fla. 1st DCA 1981) ("State must show that failure to maintain or acquire employment was willful and not caused by

6

circumstances beyond the probationer's control."). The probation officer confirmed what happened, that Scott did everything required of him, but that Home Depot reneged upon receipt of the papers showing Scott's status, a decision beyond Scott's control. To the extent the trial judge felt that Scott hadn't told the truth about the status of the Home Depot job, the transcript contradicts such a conclusion.

Second, it wasn't a substantial violation of the Home Depot employment condition. Had Scott gotten a full-time job at Lowe's, rather than Home Depot, it would not be a substantial violation—let alone a material one, under the circumstances. *See, e.g.*, § 948.06(1)(a), Fla. Stat. (2018) (requiring "reasonable grounds to believe that a probationer . . . has violated his probation . . . in a material respect"); *Smith v. State*, 68 So. 3d 968, 969 (Fla. 1st DCA 2011) ("[S]light delay in appearing at the jail on the day he was to begin serving that term of incarceration was not shown to be a willful and substantial violation . . . ."). That Scott gained employment at two jobs (one full-time with a national arts and crafts chain and one part-time with an international fast-food chain) is equally immaterial. Nothing in the record suggests that full-time employment with a home improvement supply company matters, particularly where the general probationary requirement was simply having a full-time job, which Scott exceeded. As such, it was an abuse of discretion to incarcerate Scott, who had no criminal record and had far surpassed what was required of him as to securing full-time employment.

For these reasons, reversal in this case is appropriate whether employment at Home Depot was a condition of Scott's suspended sentence or was (or was not) a condition of probation.

———————————————

Andy Thomas, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jason W. Rodriguez, Assistant Attorney General, Tallahassee, for Appellee.